No. 841

HUMPHREYS v. CITIZENS BANK CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1306. Decided Sept. 24, 1925

683. JURY—1. Not necessary to be sent to jury room by court, where verdict is amended and when court asks whether the verdict is that of each juror as amended, and is answered in affirmative by each.

2. By this action substantial rights of party complaining are not prejudiced.

MIDDLETON, J.

This case was commenced by the Citizens Bank & Securities Co. in the Franklin Common Pleas, and was an action on a note signed by one F. E. Ladd as agent of the E. C. Humphreys Co. The jury returned a verdict for the full amount claimed against both Ladd and Humphreys.

Humphreys prosecuted error, seeking to reverse the judgment of the court below and it was contended that the evidence adduced in the trial fails to establish that Ladd was his agent and that if the evidence showed Ladd to be his agent it failed to establish any authority to sign the note. It was claimed that the court erred in the charge to the jury and in directing it to correct its verdict without ordering it to return to the jury room as provided by 11456 GC. The Court of Appeals held:

1. The record discloses substantial evidence to the effect that Ladd was the agent, for some purposes at least, both of the company and of Humphreys, and further shows that Ladd was authorized to sign checks for payment of ore.

2. Whether Ladd's authority extended to the making of a promissory note and whether giving of a note was within the scope of his authority, was a question for the jury.

3. The company, made no defense to the claim of the Bank on the note and the jury might well have inferred that the Company, by failing to defend the action impliedly admitted its liability, and therefore Ladd's authority to sign his name to the note.

4. It would follow that the jury may have considered the evidence of equal force in establishing the liability of Humphreys.

5. The charge, considered as a whole, correctly stated the law; there is no reason to isolate the particular sentence complained of and give it the effect claimed when if read in connection with the context, the law is properly stated.

6. As to the verdict, an amount was inserted by the jury when the court asked whether they intended to bring in a verdict for the amount of the note. The Court further asked each juror whether the verdict, as amended, was his verdict and each answered in the affirmative. Humphreys was not substantially prejudiced in this and his rights were not therefore affected.

Judgment affirmed.

Attorneys—James B. Yaw for Humphreys; Hedges, Hoover & Tingley for Bank; all of Columbus.