**SCHALLER, Plaintiff-Appellant, v. CHAPMAN, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3551.  Decided September 24, 1943.

Carlisle O. Dollings, Columbus, for plaintiff-appellant.

Thomas H. Clark, Columbus, Clark V. Campbell, Columbus, for defendant-appellee.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Municipal Court of Columbus, Franklin County, Ohio.

The action is one for property damage in an automobile collision at street intersections within the city of Columbus, Ohio. Plaintiff claimed damages in the sum of $150.00. Defendant filed several answers, but through sustained motions, amendments were filed and the case was finally tried on an answer and cross-petition. Defendant's answer denied liability and the cross-petition sought damages against the plaintiff.

The case came on for trial before a Judge of the Municipal Court and a jury, and resulted in a verdict finding against the right of either party to recover. Within statutory time plaintiff filed motion for new trial which was overruled and judgment entered upon the verdict. The case was lodged in our Court by plaintiff through the filing of notice of appeal.

Plaintiff-appellant sets out ten separately stated and numbered assignments of error. Appellant's brief takes up and discusses these various assignments in order. It is rather unusual that appellant's brief fails to cite a single authority. Each assignment is argued as though it was an original question.

In the interest of saving space and time we think that the questions will be rendered understandable if we discuss and determine the various assignments of errors in the same order as set out in appellant's brief.

Under the first assignment of error complaint is made that the trial court erroneously sustained a motion of the defendant-appellee for an order bringing the General Exchange Insurance Corporation in as a party defendant, and on failure so to do that plaintiff's action would be dismissed without prejudice.

The predicate for this motion arose through plaintiff answering certain interrogatories propounded by defendant to the effect that the plaintiff's damages over and above fifty dollars had been paid to plaintiff by the General Exchange Insurance Corporation.

Counsel for appellant in their brief admit that the Court had the right to have the General Exchange Insurance Corporation made a party defendant, but complains as to that part of the order wherein it was stated that failure so to do would be grounds for dismissal of plaintiff's petition.

Under such situation the ususal and more preferable procedure would be for the defendant to ask that the insurance corporation be made party defendant and required to answer, setting up its claim arising through subrogation. We find no prejudicial error under this first assignment since the Insurance corporation did file an answer and plaintiff's petition was not dismissed. Any irregularity in the order would not be prejudicial.

Under the second assignment of error appellant complains that the Court was in error and abused his discretion in permitting the defendant-appellee's witness, Donald Cline, to remain in the court room and to be seated at the defendant-appellee's counsel table during the trial of the case and to

later testify in the case after counsel for plaintiff had requested and the trial court had granted a separation of witnesses.

An examination of the bill of exceptions discloses that the witness Cline was the driver of the truck involved in the accident, and at the time of the accident was operating the same for the defendant and in the course of his employment. The defendant was not present in court. Counsel for defendant asked that he have the privilege of selecting the witness Cline to be seated at the table with him during the course of the trial.

We do not think the Court erred in granting the request. Each member of our Court before becoming a Judge of the Court of Appeals had been Judge of a Common Pleas Court. It was our universal practice under similar conditions to permit either plaintiff or defendant to select some person whom he desired to sit with him at the counsel table, even though such selected person was not a party in interest and might subsequenty be called as a witness. We find no error under this second assignment.

The third and fourth assignments will be considered together. Under the third assignment it is complained that the Court erred in overruling plaintiff-appellant's motion made at the conclusion of all the evidence for a directed verdict in his favor. In the fourth assignment it is argued that the Court erred in overruling plaintiff-appellant's motion made at the conclusion of all the evidence for a directed verdict in favor of the plaintiff on the defendant-appellee's cross-petition.

In substance it is the claim of the plaintiff-appellant that under the evidence it was established that the defendant was guilty of negligence as a matter of law, and further that the plaintiff was free from negligence as a matter of law. Immediately before the collision at the street intersection plaintiff was traveling north on a duly dedicated highway, and the defendant's truck was being operated in an easterly direction on a cross street. It, therefore, follows that the plaintiff had the preferential right in the intersection, providing he was operating his automobile in a lawful manner, since he, the plaintiff, was approaching the intersection from defendant's right. Otherwise, neither vehicle had a preferential right at this intersection. The presumptive speed limit was 25 miles per hour. The approach from the west to the intersection was up a rather steep hill. At the southwest corner was a two-family house with a porch in front, and

located from ten to fifteen feet back from the sidewalk. The residence and porch were on a terrace some four feet higher than the sidewalk, and in front of the porch was a rather thick hedge of spiraea. All persons agreed that this situation constituted a blind approach until the occupants of the vehicle would get practically into the intersection.

The uncontraducited evidence is that defendant's truck was operated through the intersection, ahead of plaintiff's automobile.

The collision occurred in the southeast quarter of the intersection. The front end of defendant's truck was very close to the east side of the north and south street. Plaintiff's automobile struck defendant's truck back of the center, causing it to move in a general northeasterly direction, turning it completely around and finally overturning before it came to rest.

Plaintiff's automobile remained in an upright position and stopped a short distance north of the point of collision.

The only eyewitnesses to the collision were the plaintiff, the driver of the truck, Cline, and a young girl by the name of Neal. The testimony of this young girl, twelve years of age, has little, if any, probative force on the issuable questions.

On the question of speed it was the testimony of defendant that he was operating the truck at from twenty to twenty-five miles per hour, and plaintiff testified that he was operating at a speed not to exceed twenty-five miles per hour. Defendant testified that following the accident police officers arrived in a cruiser and interrogated both participants as to the speed of the car. Witness Cline says that plaintiff said to the officers that he was operating his car at thirty miles per hour. This testimony of Cline was not denied by the plaintiff. After a very careful reading of the record we are unable to determine that plaintiff was free from negligence, as a matter of law, or that the defendant was guilty of negligence as a matter of law.

Plaintiff's preferential right to cross the intersection uninterruptedly was qualified by the provision that he was operating his car in a lawful manner. The record would raise no inference of any unlawful operation except on the question of speed.

The jury not only had the right to take into consideration the claimed statement that the plaintiff made to the police officers immediately following the accident, but also might take into consideration the physical conditions, including the effect on defendant's truck. Plaintiff testified that he saw

the defendant's truck in front of him when about thirty feet away. The jury might·be warranted in concluding that he could have stopped his automobile before striking the truck if he had been operating his car at a lawful speed. Furthermore, they might have determined that the force of the impact would warrant the inference that plaintiff was operating his car at an unlawful speed. In short, we have no difficulty in determining that the question was one for the jury and hence assignments of error Nos. 3 and 4 are not well founded.

Under assignment No. 5 compliant is made that the trial court erred in his charge to the jury. In support of this claimed error counsel in their briefs reassert the claim that defendant was guilty of negligence as a matter of law and the plaintiff was free from negligence as a matter of law and hence the Court committed error in submitting this question to the jury. This ground of error is not well founded.

Under the sixth ground of error complaint is made that the verdict of the jury was irregular, improper, erroneous, contrary to law and manifestly against the weight of the evidence. It appears from the record that the trial court instructed the jury as to the various forms of verdict that might be returned, and had prepared four different forms which the jury took with them to their room. The jury did not use the forms presented by the trial court, but did take one of the forms and by writing in, returned a verdict as their finding. The verdict as returned reads as follows:

"We, the jury in this case, being duly impaneled and sworn, do find for the plaintiff on its cross-petition,"

and then the following words written in:

"We find them each one equally guilty and each to assume their own damage."

This was signed by all members of the jury. It will appear from the record that the trial court was a little uncertain as to whether or not the verdict was in proper form and thereupon in open Court made inquiries of the jury as to their intention, etc.

If the verdict as returned is uncertain and needs support as to its meaning, then we would hold that the trial court was in error in this matter. Under such a situation the proper procedure would be to have the jury return to their room and further deliberate on a proper form of verdict.

The Court, before ordering them to return might have given them further instructions so as to clear up any apparent misunderstanding.

It is our conclusion that the verdict as returned is clear and distinct and needs no explanation. Very distinctly it is a finding against both parties. Furthermore, we are unable to conclude that the verdict was contrary to law or manifestly against the weight of the evidence. The sixth ground of error is not sustained.

Under the seventh ground of error it is urged that the trial court's attempt to correct the verdict of the jury was erroneous.

As heretofore stated, the verdict was definite and complete, and needed no correction and any action of the Court in this particular was not prejudicial.

Assignment No. 8 complains that the trial court was in error in overruling plaintiff-appellant's motion for a judgment notwithstanding the verdict. What we have already said in discussing assignments Nos. 3 and 4 will apply, and it necessarily follows that assignment No. 8 is not well founded.

Assignments Nos. 9 and 10 are all-inclusive. No. 9 complains that the Court was in error in overruling appellant's motion for a new trial, and assignment No. 10 is, "Other errors apparent in the record". No special mention need be made of these assignments except to say that the same are overruled.

Finding no prejudicial error the judgment of the trial court will be affirmed. Costs in this Court will be adjudged against the appellant. Cause remanded for collection of costs and such further proceeding as may be required under the law.

HORNBECK and GEIGER, JJ., concur.

## ON APPLICATION FOR REHEARING

### Decided October 21, 1943.

BY THE COURT:

The above-entitled cause is now being determined on defendant-appellee's motion requesting this Court to determine the liabilities for costs incurred in the trial Court.

On September 24, 1943, we released our opinion in the above-entitled cause, overruling appellant's appeal and affirming the judgment of the trial court. Apparently the Municipal Court where the action was tried had entered judgment

therein, in which the costs were divided between plaintiff and defendant. This question was not in any way submitted to us under plaintiff's appeal. Defendant-appellee did not file a cross-appeal.

The case of **Users & Dealers Oil Company v Pure Oil Company, 60 Oh Ap 507,** is cited in support of appellee's present motion. The case is directly in point and the Court of Appeals in its opinion sets out very fully the applicable law to be followed, all of which is favorable to the movant in the instant case, if the question was being submitted to the trial court or to us on a cross-appeal. The boomerang is presented in the last paragraph of the opinion, wherein the Appellate Court says that "but as the defendant has filed no cross-appeal the judgment of the Municipal Court will not be modified * * *."

The motion of the appellee will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.