TRADLER, APPELLEE, *v.* YOUNG ET AL., APPELLANTS, ET AL.

(No. 3868—Decided October 16, 1956.)

*Mr. John B. Cunningham,* for appellee.
*Mr. Fred Coope,* for appellants.

GRIFFITH, J.   This appeal presents simply a question of practice, but an important one.

Martin Tradler sued LeMarr Young, Garnet Howard, and George Bretz on an alleged oral partnership agreement among the four of them.   Young and Howard filed general denials and contested the matter before a jury.   Bretz filed no answer and took no part in the trial other than to testify as a witness for the plaintiff.

The trial commenced on April 3, 1956, and continued until April 5, when the jury returned a unanimous verdict for the plaintiff against all three defendants for $3,600.   The plain-

tiff's petition prays for judgment against each of the defendants for $1,050. After the reading of the verdict in open court, the jury was discharged, the verdict recorded, and, thereafter, judgment was entered on the verdict for $3,600.

Upon motion for a new trial, the judge ordered a remittitur of $450, thereby reducing the verdict to $3,150.

The proposition presented to us is whether, after the jury has returned a verdict in favor of the plaintiff for an amount in excess of that claimed by him, the court may rectify the verdict by a remittitur so that the verdict will conform to the limitations of the pleadings.

Did this informality of the verdict invalidate it? Could the trial court mould into proper shape the excessive verdict under the circumstances of this case?

We are impelled to the conclusion that it was the unequivocal intention of the jury to award the plaintiff the full amount he asked, and it did this. It did something more. It transcended its power and returned a verdict for plaintiff in excess of the amount prayed for. It awarded him $450 beyond the amount claimed. We find no authority for the claim that a verdict in excess of the amount prayed for is a nullity. It is subject to the same consideration that a verdict within the limits of the amount prayed for in the petition is entitled to. The court, at the hearing on a motion for new trial, deleted the $450 from the verdict, thereby reducing it to the amount claimed, i. e., $1,050 against each of the defendants. In so doing the court did not usurp the functions of the jury, thereby infringing the right guaranteed by the Constitution.

"A verdict in a civil case which is defective or erroneous as to a mere matter of form not affecting the merits or rights of the parties may be amended by the court to conform it to the issues and to give effect to what the jury unmistakably found. In fact, it is the duty of the judge to look after its form and substance, so as to prevent a doubtful or insufficient finding from passing into the records of the court; and every reasonable construction should be adopted for the purpose of working the verdict into form so as to make it serve." 53 American Jurisprudence, 758, Section 1094.

"* * * the verdict of a jury is subject to the supervision of

the court whether too large or too small." *Toledo Railways & Light Co.* v. *Mason,* 81 Ohio St., 463, 465, 91 N. E., 292.

Where the damages assessed by the jury are excessive, but not in a degree necessarily to imply the influence of passion or prejudice in its finding, the court in the exercise of a sound discretion may make a remittitur of the excess.

The court has no power to supply substantial omissions or excesses. The amendment in such cases must be such as to make the verdict conform to the real intent of the jury.

Nothing in the record indicates that the verdict was rendered under the influence of passion or prejudice. The jury awarded a sum in excess of the amount prayed for.

How are the defendants prejudiced by the court's action in reducing the verdict against them?

Therefore, without prolonging the discussion of this matter further, we are of the opinion that the court below ruled correctly when it brought the verdict within the limitations of the pleadings and entered judgment thereon.

We have examined the other errors assigned, which are in effect based upon the same claim, and find no error prejudicial to the defendants. For these reasons the judgment is affirmed.

*Judgment affirmed.*

PHILLIPS, P. J., and NICHOLS, J., concur.