WILSON, PLAINTIFF-APPELLEE, *v.* MARINO, JR., DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Mahoning County.

No. 4154. Decided April 18, 1961.

*Mr. Robert E. Sullivan* and *Mr. Philip Morgante,* for plaintiff-appellee.

*Mr. James Modarelli, Jr., William Bender,* and *Mr. Peter Tedeschi,* for defendant-appellant.

(COLLIER, J., of the Fourth District, sitting by assignment in the Seventh District.)

GRIFFITH, J. This is an appeal on questions of law from a judgment in the Common Pleas Court of Mahoning County resulting from a jury trial.

It is a civil action for compensatory and punitive damages arising out of a tort.

The appellee claims damages by virtue of an assault and battery committed by the appellant.

The matter was submitted to a jury which returned a verdict for the plaintiff in the sum of $4,500.00. The jury had written on the verdict form the following words:—

"Due the plaintiff from the defendant the sum of $4,500 for injuries, costs and punitive damages."

When the verdict was handed to the trial judge he made some inquiry of the jury with regard to their understanding of

the word "costs." Upon the jury responding to this inquiry the court then dismissed the jury until after the lunch hour, and then in the presence of counsel and the parties made the following comment:—

"The Court: Let the record show all counsel present and the two parties are also present in court.

"Members of the jury, before the lunch hour you handed up to the court this verdict: Verdict for the plaintiff, and I am going to quote: 'due the plaintiff from the defendant the sum of $4500 for injuries, costs and punitive damages,' and I thought at first the word 'costs' was meant to be court costs, but upon inquiry of the members of the jury I learned that they took into account medical expenses.

"Now, members of the jury, medical expenses are not in this case so you do not allow medical expenses, and you do not allow court costs, that is for the judge. We have had a new verdict prepared for you, it is in blank, and you retire to the jury room and resume your deliberations in the light of these further instructions to you. When you agree on a verdict all you need to do is write in on the verdict the number of dollars, if it is a verdict for the plaintiff, and that is all. You do not have to label the kind of damages at all, you just write in the amount of your verdict. Of course, if your verdict is the other way you use the other form of verdict.

"Anything further from counsel?

"Mr. Brown: Nothing, Your Honor.

"Mr. Tedeschi: This is a matter of further instructions to the jury?

"The Court: It is, as bearing on the verdict. The verdict is not accurate, it appears on its face.

"Mr. Tedeschi: I would like to ask the court to make further instructions as to the permanency of the injury and loss of time or lack of earning capacity or medical expense would not be a necessary result of the alleged assault, and should be especially pleaded.

"The Court: Let me have the paper you read from and I will give part of those. (Paper handed to the Court.) Any loss of time, members of the jury, is not to be taken into consideration in the case; lack of earning capacity is not to be taken into

consideration in the case, at least as bearing on damages; and, as I told you, medical expenses are not to be taken into consideration in the case. Whether or not there is permanent injury in the case is a matter for the jury to decide under all the evidence in the case. I think I have covered every one of them, check and see if there is anything I have left out.

"Mr. Tedeschi: You have covered them.

"The Court: All right, members of the jury, you now retire and resume your deliberations, and the bailiff has all the papers for you.

"Exceptions to the charge as given."

After the jury retired and gave the case further consideration it agreed upon and returned a verdict in the sum of $3,-500.00, which verdict was in regular form, was accepted by the trial judge, entered, jury discharged and judgment rendered on the verdict as returned.

The defendant-appellee complains that the judgment entered on the verdict of $3,500.00 is:—

1. Excessive;

2. Against the manifest weight of the evidence;

3. That the court committed reversible error in permitting the jury to redeliberate after it returned a verdict in the first instance; and

4. That the court erred in not having counsel present when he interrogated the jury after it returned its first verdict which was irregular.

The matter of excessiveness of the verdict or the verdict being rendered against the manifest weight of the evidence has no merit; and the only challenging question in this appeal is that relating to the proceedings of the trial judge respecting the verdict of $4,500.00 which was presented to the court.

Certainly the court is the authority, and the only authority, respecting the irregularity, generality and formality of the verdict; and it is for the judge to determine whether or not the verdict is responsive to the issues or is in disregard of the instructions of the court.

The $4,500.00 verdict was never accepted by the court for the reason that on its face it appeared irregular. The court did not interrogate the jury further in the absence of counsel and clients, but at 1:30 p. m. the court did take the matter up

and in the presence of all parties involved instructed the jury clearly and directed them to return to their room and reconsider the matter. The jury having considered the case further then returned a verdict of $3,500.00, thereby correcting the error that the trial judge by inquiry found to have prevailed in the conclusion the jury originally reached. Had not the trial judge discovered this irregularity by its examination of the verdict it is possible that the defendant-appellant would have suffered thereby.

In the case of *Tradler* v. *Young*, 104 Ohio App., 64, this court of appeals ruled on a matter similar in character to the one before us, and in so doing noted from a supreme court case that:—

" 'A verdict in a civil case which is defective or erroneous as to a mere matter of form not affecting the merits or rights of the parties may be amended by the court to conform it to the issues and to give effect to what the jury unmistakably found. In fact, it is the duty of the judge to look after its form and substance, so as to prevent a doubtful or insufficient finding from passing into the records of the court; and every reasonable construction should be adopted for the purpose of working the verdict into form so as to make it serve.' 53 American Jurisprudence, 758, Section 1094.

" '* * * the verdict of a jury is subject to the supervision of the court whether too large or too small.' *Toledo Railways & Light Co.* v. *Mason*, 81 Ohio St., 463, 465, 91 N. E., 292."

How is the defendant prejudiced by the court's action in making inquiry as to this irregular verdict and instructing the jury as it did?

The trial court was authorized to require the verdict in this case to conform to the pleadings, the evidence, and the instructions of the court, and his action taken at the time was well warranted.

We find no error assigned well made. Judgment affirmed.

DONAHUE and COLLIER, JJ., concur.