BARNES, APPELLANT, *v*. PRINCE, APPELLEE.

(No. 33643—Decided November 29, 1974.)

*Mr. A. Daniel Whittington*, for appellant.
*Mr. James T. Millican, II,* for appellee.

CORRIGAN, J. At the close of the automobile accident negligence trial below, wherein the defendant had pleaded the defense of contributory negligence, the jury handed back a verdict form finding "for the Plaintiff in the sum of $ *None.*"At that point the judge called the attorneys to the side bar for a discussion and then addressed the jury as follows:

"The Court: You have returned somewhat of an unusual verdict, and I am going to ask Mr. Smith [Jury Foreman] some questions.

"The verdict forms that were returned it appears to be in favor of the plaintiff signed by all eight, but which carries no award damages at all.

"Now, was it the decision of the jury, a finding of the jury, that James D. Prince was negligent? Did you make that finding?

"Mr. Smith: He contributed, yes, both, both contributed.

"The Court: Was it the verdict or the decision of the jury that both the plaintiff and the defendant were at fault?

"Mr. Smith: Yes.

"The Court: And let me ask if that is understood to be the verdict by those—let me poll them."

The court then polled the remaining jurors, all of whom answered in the affirmative, that their verdict was that they had found plaintiff contributorily negligent and on that basis had found for plaintiff but awarded zero dollars. The court then on its own initiative requested that the jurors sign the verdict form finding for the defendant as that was in fact their verdict. The court then discharged the jury. All of this occurred without objection from counsel.

Plaintiff has appealed assigning as error that: "The trial court erred in allowing the jury to impeach their verdict."

Civil Rule 48 provides in pertinent part that:

"* * * If the verdict is defective in form only, with the assent of the jurors and before their discharge, the court may correct it."

The distinction between defects in form and substance of verdicts was discussed in *Lehrer* v. *Cleveland Ry. Co.* (C. P., 1918), 20 N. P. (N. S.) 481, 493:

"A verdict may be said to be defective in form when the language or expression used is imperfect or wanting to correctly express the real intention of the jury, and may be corrected by the jury or by the court with the consent of the jury when or in cases where it can be done without affecting the issues raised by the pleadings or presented by the evidence. A verdict is defective in substance if it is wanting in some real or essential part or element and does not correspond to the issues raised by the pleadings; and the language 'defective in substance' may be said to be opposed to or opposite to form or defective in form."

A formal defect in a verdict does not affect the merits or rights of the parties and such verdict may be amended by the court to conform it to the issues and give effect to what the jury unmistakably found. It is the duty of the trial judge to look after the form and substance of a verdict so as to prevent a doubtful or insufficient finding from passing into the court records; every reasonable construc-

tion should be adopted for the purpose of amending verdicts into proper form. 76 American Jurisprudence 2d 165-67, Trial, Section 1208; *accord, Wilson* v. *Marino* (1961), 88 Ohio Law Abs. 316, 182 N. E. 2d 635; *Tradler* v. *Young* (1956), 104 Ohio App. 64.

Under R. C. 2315.11, repealed as conflicting with Civil Rule 48, the court had the power to correct a verdict defective in form before the jury was discharged. It is recognized and acceptable practice for the court to direct the jury to correct an insensible or repugnant verdict and return a proper one consistent with their intention as expressed upon the court's request. 53 Ohio Jurisprudence 2d 267-269, Trial, Section 341. Moreover, in construing G. C. 11420-11, the predecessor to R. C. 2315.11, one court stated that:

"A jury should have every reasonable opportunity, before their verdict is put on record and before they are discharged and their relation to the case as jurors has ceased, to alter their verdict in form or substance to conform it to their intention and purpose." *Ekleberry* v. *Sanford* (1943), 73 Ohio App. 571, 574.

A situation very similar to the present case arose in *Schaller* v. *Chapman* (1943), 44 Ohio Law Abs. 631, 66 N. E. 2d 266, where, in an action for damages based upon an automobile accident wherein the defendant had filed a cross-petition against plaintiff, the court noted that:

"* * * The jury did not use the forms presented by the trial court, but did take one of the forms and by writing in, returned a verdict as their finding. The verdict as returned reads as follows: 'We, the jury in this case, being duly impaneled and sworn, do find for the plaintiff on its cross-petition,' and then the following words written in: 'We find them each one equally guilty and each to assume their own damage.' This was signed by all members of the jury. It will appear from the record that the trial court was a little uncertain as to whether or not the verdict was in proper form and thereupon in open Court made inquiries of the jury as to their intentions, etc." 44 Ohio Law Abs. at 636, 66 N. E. 2d at 268-69.

The *Schaller* court reasoned in its holding that:

"If the verdict as returned is uncertain and needs support as to its meaning, then we would hold that the trial court was in error in this matter. Under such a situation the proper procedure would be to have the jury return to their room and further deliberate on a proper form of verdict. The Court, before ordering them to return might have given them further instructions so as to clear up any apparent misunderstanding.

"It is our conclusion that the verdict as returned is clear and distinct and needs no explanation. Very distinctly it is a finding against both parties. Furthermore, we are unable to conclude that the verdict was contrary to law or manifestly against the weight of the evidence. * * *" 44 Ohio Law Abs. at 636-37, 66 N. E. 2d at 269.

The court in the instant case was presented a verdict defective in form. Although the verdict was insensible and its entry on the journal would have been improper, it was nevertheless clear to the court that the plaintiff appellant had not prevailed. A brief inquiry of the jury foreman satisfied the court that the jurors' true intention would be properly expressed simply by a finding for the defendant. With the knowledge and in the presence of counsel, the court polled the jurors, all of whom concurred that their true intention was a finding for the defendant. The court therefore was within its power pursuant to Civil Rule 48 in initiating this brief inquiry and in instructing the jury to execute the verdict form that, as a matter of law, properly expressed their finding.

Where a verdict is defective in form, but the jury's intent is clear and obvious to the court, pursuant to Civil Rule 48, the court acts within its power in briefly questioning the impanled jury to confirm this intent and secure their assent to a correction of such verdict so as to properly express their true intention as a matter of law. Such action is neither error in itself nor prejudicial in effect. *See Wilson, supra*, 182 N. E. 2d at 638; *Oatman v. Frey* (1958), 108 Ohio App. 72, 81; *Tradler, supra* at 66; *Schaller, supra* 66 N. E. 2d at 268-69; *Humpheys v. Citizens*

248

*Bank Co.* (App. 1925), 3 Ohio Law Abs. 619.

Appellant's assignment of error is therefore without merit and is overruled. The judgment is affirmed.

*Judgment affirmed.*

KRENZLER and MANOS, JJ., concur.

MANOS, J., concurring. I concur in the result for the reasons stated in the majority opinion and for the additional reason that counsel for appellant waived any claim of error by failing to object to the court's action either at the side-bar conference or during the actual inquiry by the court. When counsel fails to object to the procedure and elects to gamble on a favorable outcome for his client, his acquiescence amounts to a waiver of any subsequent claim of error.