HIGHFIELD, A MINOR, ET AL., APPELLANTS AND CROSS-APPELLEES; MAYO, A MINOR, ET AL., *v.* LIBERTY CHRISTIAN ACADEMY ET AL., APPELLEES AND CROSS-APPELLANTS.

(No. 86AP-680 — Decided March 24, 1987.)

*White & Rankin Co., L.P.A.,* and *Richard W. Stuhr,* for appellants and cross-appellees.

*Crabbe, Brown, Jones, Potts & Schmidt, William H. Jones* and *Wil-*

*liam W. Johnston,* for appellees and cross-appellants.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

The jury returned a general verdict in favor of plaintiffs Edward, Nancy and Gregory Highfield in the amount of $50,000. Plaintiffs contended at trial that the jurors should have been polled to determine whether the jury intended only to award total damages in the sum of $50,000. The trial court refused counsel's request to poll the jury in the manner requested by the plaintiffs and affirmed the jury's verdict. The trial court denied plaintiffs' motion for judgment notwithstanding the verdict, but granted plaintiffs' alternative motion for a new trial as to both liability and damages.

A moped accident occurred on the premises of defendant Liberty Christian Academy on the evening of August 30, 1983. Defendants leased the property from the Columbus Board of Education to be used as a Christian school beginning in late August 1983. Previously, the property had not been occupied for some time. During the summer of 1983, numerous children, adolescents, and adults entered onto the property for various reasons including playing basketball and traveling on a worn path, which connected the west end of defendants' property with tennis courts located at Independence High School. This path was used as a shortcut.

On the opening day of school, August 29, 1983, H. David McIlrath, the school principal, instructed the custodian, Kenneth Smith, to erect a cable across the one-lane opening which led to a play area. The barrier was a one-fourth inch steel cable, which had been strung between posts which were embedded in concrete. The custodian also attached a red "stop" flag to the cable with masking tape. Apparently, the flag had been torn down during the evening hours. On the morning of the following day, August 30, 1983, Smith reattached the flag in exactly the same manner as he had done the previous day.

At approximately 8:00 p.m. on August 30, 1983, plaintiff Gregory Highfield, accompanied by passenger Todd Mayo, was operating a moped and entered the driveway to defendants' property at a speed of approximately twenty-eight m.p.h. He proceeded westbound across an empty parking lot. As Highfield approached an adjacent blacktop play area, he struck the steel cable which had been strung between the two posts. The cable first hit the headlight of the moped and then struck Highfield in the abdomen. He sustained numerous internal injuries resulting in two major surgeries.

Plaintiffs assert the following four assignments of error:

"I. The trial court erred in failing to poll the jury in the manner requested by appellants' counsel.

"II. The trial court erred in refusing to enter judgment notwithstanding the verdict in favor of appellants in the amount of $86,200.00.

"III. Assuming arguendo that appellants are not entitled to judgment notwithstanding the verdict, the trial court erred in ordering a new trial as to both liability and damages.

"IV. Appellants are entitled to have this cause remanded to the trial court for a hearing to determine their entitlement to prejudgment interest."

Defendants have cross-appealed and advance the following cross-assignments of error:

"I. The finding of wanton misconduct on the part of defendant Liberty Christian Academy for failure to properly affix the warning sign and post notices is not consistent with Ohio Law and will not support the verdict in favor of plaintiffs.

"II. The trial court erred in finding, as a matter of law, that plaintiff, Greg Highfield, was not a trespasser but was a licensee when the evidence on that issue was conflicting.

"III. The trial court's granting of the new trial was improper because it was based upon the affidavits of the jurors which are inadmissible."

Plaintiffs' first assignment of error involves the answers of the jury to the seventh and eighth interrogatories:

"7. Enter in the space provided below the total amount of medical expenses, if any, which you find Mr. and Mrs. Highfield incurred as a result of their son's accident on 8/30/83.

"36,200.22"

"8. What was the total amount of damage sustained by the Plaintiffs, regardless of which party caused it?

"ANSWER:-$36,200-
$50,000"

The jury found in response to Interrogatory No. 7 that plaintiffs Nancy and Edward Highfield had sustained $36,200 in medical expenses as a result of their son's accident. The jury initially entered the sum of $36,200 in response to Interrogatory No. 8, which was crossed-out, and the sum of $50,000 was entered instead. Plaintiffs argued that it was not the intention of the jury to award them total damages in the amount of $50,000. The trial court, however, held that the jury's response to Interrogatory No. 8 was not ambiguous.

Plaintiffs maintain that it was the jury's intention to award $86,200 as total damages because the amount of $50,000, as indicated in response to Interrogatory No. 8, represented those damages sustained by Gregory Highfield in addition to the $36,200 in medical expenses sustained by Edward and Nancy Highfield. Thus, plaintiffs assert that the trial court erred in not polling the jury as to whether the jury intended to award the sum of $50,000 as total damages.

Plaintiffs rely upon the case of *Barnes* v. *Prince* (1974), 41 Ohio App. 2d 244, 70 O.O. 2d 454, 325 N.E. 2d 252, in which the court stated in the first paragraph of the syllabus:

"Where a verdict is defective in form, but the jury's intent is clear and obvious to the court, pursuant to Civil Rule 48, the court acts within its power in briefly questioning the impaneled jury to confirm this intent and to secure their assent to a correction of such verdict so as to express their true intention as a matter of law."

The case of *Prince* is distinguishable since it is not certain that the jury's response to Interrogatory No. 8 refers only to those damages in excess of $36,200 in medical expenses sustained by plaintiffs. The fact that $36,200 was crossed-out and replaced by $50,000 in response to Interrogatory No. 8, does not make it definite that it was the jury's intention to award total damages in a sum greater than $50,000.

The trial court found that the amount of damages entered in response to Interrogatory No. 8 was not ambiguous. Such a finding was not an abuse of discretion by the trial court, since the interrogatory is not ambiguous on its face and does not conflict with the jury's response to Interrogatory No. 7 that Mr. and Mrs. Highfield sustained $36,200 in medical expenses. Moreover, it is not inconsistent that total damages of $50,000 incorporates the $36,200 in medical expenses thereby leaving the remaining damages as those sustained by Gregory Highfield.

As to polling the jury, Civ. R. 48 provides, in pertinent part:

" * * * Upon request of either party, the jury shall be polled by asking each juror if the verdict is that of the juror; if more than one-fourth of the

jurors answer in the negative, or if the verdict in substance is defective, the jurors must be sent out again for further deliberation. If three-fourths or more of the jurors answer affirmatively, the verdict is complete and the jury shall be discharged from the case. If the verdict is defective in form only, with the assent of the jurors and before their discharge, the court may correct it."

Hence, the jury shall only be polled by asking each juror if the verdict is that of the juror. The rule does not provide a right to raise a question other than that presented in the interrogatory. If plaintiffs properly requested that the jurors be polled under Civ. R. 48, the individual jurors could only have been asked if they responded affirmatively to the answer of $50,000 in Interrogatory No. 8. The jurors could not have been polled under Civ. R. 48 as to whether the total amount of damages sustained by plaintiffs was $50,000.

To apply Civ. R. 48 more broadly and hold that a jury could be polled to clarify a potential mistake would risk interfering with the deliberation process of the jury, thereby circumventing the *aliunde* rule.

Accordingly, plaintiffs' first assignment of error is not well-taken.

Plaintiffs' second and third assignments of error and defendants' third cross-assignment of error are interrelated and considered together. Plaintiffs contend that the trial court erred in not granting judgment notwithstanding the verdict in the amount of $86,200 based upon the affidavits of the eight jurors, each of whom stated that it was his or her intent to award $86,200 as total damages to plaintiffs.

The trial court correctly found that the affidavits of the jurors introduced by plaintiffs were inadmissible to impeach their verdict absent evidence *aliunde*. These affidavits could not be properly received to reconcile the verdict as requested by plaintiffs. *Long* v. *Cassiero* (1922), 105 Ohio St. 123, 136 N.E. 888.

Evid. R. 606(B) provides, in part:

"Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. * * *"

This rule prevents any inquiry into the jury's deliberation process except for those limited circumstances specified in the rule. The *aliunde* rule requires the introduction of evidence from a competent source other than a juror to impeach a jury verdict. A jury can then testify, but the outside source must first be established.

The only foundation presented by plaintiffs consisted of the affidavits. Plaintiffs have not contended that any other exceptions under Evid. R. 606(B) are applicable to allow the jurors to testify in the form of affidavits without the presentation of outside evidence. The affiants essentially stated that it was their intention to award damages to plaintiffs in the sum of $86,200, but did not recognize that Interrogatory No. 8 required that the medical expenses determined in response to Interrogatory No. 7 were also to be included in the total amount of damages awarded to plaintiffs in response to Interrogatory No. 8.

The introduction of the affidavits into evidence would intrude upon the deliberation process of the jury. Hence, the affidavits were properly found to be inadmissible since there was no presentation of evidence *aliunde* impeaching the verdict. See *Cleveland Elec. Illum. Co.* v.

*Astorhurst Land Co.* (1985), 18 Ohio St. 3d 268, 18 OBR 322, 480 N.E. 2d 794. The trial court correctly overruled the motion for judgment notwithstanding the verdict.

Plaintiffs contend that after denying their motion for judgment notwithstanding the verdict, the trial court erred in granting a new trial on the issues of liability and damages. The trial court held that the jury's responses to Interrogatory Nos. 2 and 9 were inconsistent and ordered a new trial on the issues of liability and damages.

Interrogatory No. 2 asked: "Was the plaintiff, Gregory Highfield, acting as a reasonably cautious person on the evening of August 30, 1983?" The jury answered: "No." Interrogatory No. 9 asked: "Did the plaintiff commit an act of negligence which directly and proximately caused his own injury or damages?" The jury answered: "No." Defendants allege that the responses to these interrogatories cannot be adjusted and therefore the issues of liability and damages must be tried again.

The fact that the jury found that Gregory Highfield was not acting as a reasonably cautious person on the evening of August 30, 1983 does not require the inevitable conclusion that he was the direct and proximate cause of his own injuries, but it was not an abuse of discretion to find the interrogatories inconsistent.

The trial court found that the affidavits of the jurors could be considered for the purpose of determining whether a new trial could be granted, as it was within the sound discretion of the court. Further, while plaintiffs requested a new trial on the issue of damages only, the court found that a new trial on the issue of liability was also warranted based upon the inconsistency in the jurors' answers to Interrogatory Nos. 2 and 9, in which the jury found that plaintiff Gregory Highfield was not acting as a reasonably cautious person, but there was no comparative negligence on the part of plaintiff Gregory Highfield. Considering the authority provided in Civ. R. 50(B) to order a new trial as an alternative to judgment notwithstanding the verdict and for good cause shown by plaintiffs, the trial court in its exercise of discretion, pursuant to Civ. R. 59(A), properly ordered a new trial on the issues of liability and damages.

In sum, although one could reasonably find that the interrogatories were not inconsistent, it was not an abuse of discretion for the trial court to find otherwise. Thus, since granting a new trial as an alternative to judgment notwithstanding the verdict is within the sound discretion of the trial court, there was not error.

Plaintiffs' second and third assignments of error and defendants' third cross-assignment of error are not well-taken.

As to plaintiffs' fourth assignment of error, the trial court found that the motion for prejudgment interest was untimely and moot. In any event, R.C. 1343.03 requires that before there is an award of prejudgment interest, the opposing party must fail to "make a good faith effort to settle the case." As the court noted in *Kalain* v. *Smith* (1986), 25 Ohio St. 3d 157, 159, 25 OBR 201, 202, 495 N.E. 2d 572, 574:

" * * * If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."

Plaintiffs contend that defendants' settlement efforts were meager. The record indicates, however, that defendants believed there was no liability based on the contentions that plaintiff Gregory Highfield was a trespasser; that adequate measures had been taken so that motorized vehicles could

not enter upon the property; that defendants had acted reasonably in reattaching the warning sign; and that defendants did not willfully or wantonly cause injury to him. Therefore, defendants could have had a good, objectively reasonable belief that they had no liability.

Plaintiffs' fourth assignment of error is not well-taken.

Defendants, in their first cross-assignment of error, contend that the jury's answers to Interrogatory Nos. 5 and 6 do not support a finding of wanton misconduct under the court's charge to the jury. The court defined "wanton misconduct" as follows:

"Wanton misconduct occurs when the surrounding circumstances and existing conditions are such that the Defendant, in acting or failing to act is or should be aware that his conduct will probably result in injury.

"Wanton misconduct implies a failure to use any care for the Plaintiff, and an indifference to the consequences in situations in which the probability for harm to result from the action or failure to act was great, and such probability is known or ought to be known to the Defendant."

The jury was asked in Interrogatory No. 5:

"Did defendant, Liberty Christian Academy, commit any wanton acts against Gregory Highfield on the evening of August 30, 1983?

"ANSWER: YES!"

Interrogatory No. 6 stated:

"If the answer to Interrogatory Number Five was yes, what action was wanton?

"ANSWER: The defendant knew that this was a route routinely used by children and adults. The defendant failed to think through the consequences of the kind of barrier chosen. The failure to adequately attach the warning signs knowing that it had already come off the first time was a wanton act. Also, failure to post warning signs notifying the public of potentially dangerous changes in the surroundings was a wanton act."

Defendants contend essentially that they attempted to warn those who entered onto the property by attaching a flag onto the cable on August 29, 1983, and that the subsequent act of reattaching the flag onto the cable again in precisely the same manner the following day, may have been negligent but does not rise to the level of wanton misconduct.

Gregory Highfield testified that he had traveled on numerous occasions on the worn path that connected Liberty Christian Academy with Independence High School. It was his testimony that prior to the accident he had seen many adolescents and adults playing basketball on the property of Liberty Christian Academy; that he had seen numerous other persons also riding motorized vehicles traveling on the same path; that he had never seen a "no trespassing" sign or any other sign warning that a cable had been attached between the posts; that he had never been personally warned not to enter upon the property by any agent or employee of defendants; and that he had no reason to believe that he was prohibited from entering onto the property.

Defendants had actual knowledge through their agents that motorized vehicles, such as motorcycles and mopeds, traveled frequently on the path which led to where the cable had been suspended. According to a school official, warnings were given to those who entered the school property and they were told that such activity was not permitted. Principal McIlrath also requested that the Franklin County Sheriff patrol the grounds.

Notwithstanding, such measures would not deter motorized vehicles such as mopeds from traveling to the

property. The testimony indicates that motorized vehicles and bikes would continue to travel through the two posts where the cable had been suspended as had occurred throughout the entire summer. Consequently, it should have been reasonably apparent that verbal warnings alone were insufficient. Moreover, the one-fourth inch steel cable was virtually undetectable.

Thus, the jury's answer to Interrogatory No. 6 supports a finding of wanton misconduct on the part of defendants. Defendants' first cross-assignment of error is not well-taken.

In the second cross-assignment of error, defendants contend that there was a factual dispute as to whether Gregory Highfield was a trespasser or a licensee. According to defendants, the trial court's ruling that Gregory Highfield was a licensee as a matter of law was erroneous and prejudicial to defendants. Defendants are correct that a slightly lesser duty is owed to a trespasser than to a licensee. Nevertheless, while a trespasser takes the property as he or she finds it as to any alleged defects which may exist, the property owner still has a duty to refrain from willfully or wantonly causing injury to a trespasser.

The jury reasonably found that defendants had committed wanton acts by failing to adequately attach the warning flag onto the cable and by failing to post notice of the changed condition of the property. Consequently, even if the trial court erred in finding that Gregory Highfield was a licensee as a matter of law, such a determination was harmless error.

Defendants' second cross-assignment of error is not well-taken.

For the foregoing reasons, plaintiffs' assignments of error and defendants' cross-assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and NUGENT, J., concur.

NUGENT, J., of the Cuyahoga County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.