McKIERNAN, Appellant,

v.

HOME SAVINGS OF AMERICA, Appellee.

[Cite as *McKiernan v. Home Savings of Am.* (1994), 93 Ohio App.3d 13.]

Court of Appeals of Ohio,
Marion County.

No. 9-93-43.

Decided Feb. 4, 1994.

14

*McCarthy, Palmer, Volkema & Becker* and *Robert G. Palmer* for appellant.

*Spohn, Spohn & Zeigler, S. Fredrick Zeigler;* and *Harry Dowler,* for appellee.

---

HADLEY, Judge.

Plaintiff-appellant, Donna J. McKiernan, appeals from the judgment entry of the Marion County Court of Common Pleas, denying appellant recovery of damages, after a jury's finding in her favor. Pursuant to Loc.App.R. 12(5), a full opinion on appellant's assignment of error is issued.

The relevant facts necessary to a resolution of appellant's assignment of error are as follows. Appellant brought this action against defendant-appellee, Home Savings of America, alleging two theories of recovery, breach of contract and negligence (breach of duty). A jury trial was held and the jury returned the following verdict form:

"We the jury, find for the plaintiff, Donna J. McKiernan, in the sum of $0.

"And we do so render our verdict upon the concurrence of 8 members of our said jury, that being three-fourths or more of our number.

"Each of said juror signs his or her name this 22nd day of April, 1993."

Thereafter, appellant filed a motion for a new trial, pursuant to Civ.R. 59(A)(5), (6), and (7). This motion was denied. Appellant now asserts one assignment of error, which states:

"The lower court improperly denied appellant's motion for additur, or in the alternative, new trial on damages only."

The granting or denial of a motion for new trial rests within the sound discretion of the trial court and its ruling will not be disturbed by a reviewing court unless the trial court abused its discretion in denying or granting said motion. *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 7 OBR 229, 454 N.E.2d 976.

Appellant's sole assignment of error is overruled as we find that the trial court did not abuse its discretion in denying appellant's motion for a new trial.

■ The basis of appellant's argument that an additur judgment or a new trial should have been granted by the trial court is that the jury's finding for the appellant on her alternate theories of recovery was wholly inconsistent with its award of zero damages. We disagree with appellant's conclusion that if the jury found in favor of the plaintiff, it must award some damages. First, we cannot say that appellant could be entitled to any damages, as the only portion of the trial transcript filed in this court was the judge's instructions to the jury. Moreover, case law and Civ.R. 48 support the trial court's denial of a new trial for appellant because, in the absence of an objection by the plaintiff, a finding for the plaintiff combined with an award of zero or no damages is permissible.

Prior to the adoption of the Civil Rules, the Ohio Supreme Court had before it a case similar to the one *sub judice*, in *Muckus v. Ruggles* (1956), 165 Ohio St. 540, 60 O.O. 497, 138 N.E.2d 389. Therein, the plaintiff sought damages for injuries allegedly suffered as a result of the defendant's assault and battery. After a trial to a jury, the jury returned a verdict for the plaintiff, stating that defendant owed plaintiff "the sum of ($0) none dollars" for plaintiff's injuries. The court, noting that the plaintiff failed to make any objection to the verdict until after the jury was discharged, found the verdict to be consistent, as a tort can be committed without any damages being incurred. *Id.* at 541, 60 O.O. at 497, 138 N.E.2d at 389. That court also found that the verdict was definite in its terms because the jury obviously considered an amount to be awarded plaintiff as evidenced by inserting an amount. *Id.* at 542, 60 O.O. at 497, 138 N.E.2d at 390. Finally, the court relied upon R.C. 2315.18, which stated that when the verdict indicates one party is entitled to recover from an adverse party, the *jury* determines the amount the party is entitled to recover. *Id.*

Civ.R. 48, adopted in 1971, is consistent with *Muckus*. It states:

"In all civil actions, a jury shall render a verdict upon the concurrence of three-fourths or more of their number. The verdict shall be in writing and signed by each of the jurors concurring therein. All jurors shall then return to court where the judge shall cause the verdict to be read and inquiry made to determine if the verdict is that of three-fourths or more of the jurors. *Upon request of either party, the jury shall be polled by asking each juror if the verdict is that of the*

*juror,* if more than one-fourth of the jurors answer in the negative, or if the verdict in substance is defective, the jurors must be sent out again for further deliberation. If three-fourths or more of the jurors answer affirmatively, the verdict is complete and the jury shall be discharged from the case. If the verdict is defective in form only, with the assent of the jurors and before their discharge, the court may correct it. [Emphasis added.]"

In distinguishing between a verdict defective in form and one defective in substance, one appellate court has adopted the following distinction:

" 'A verdict may be said to be defective in form when the language or expression used is imperfect or wanting to correctly express the real intention of the jury, and may be corrected by the jury or by the court with the consent of the jury when or in cases where it can be done without affecting the issues raised by the pleadings or presented by the evidence. A verdict is defective in substance if it is wanting in some real or essential part or element and does not correspond to the issues raised by the pleadings; and the language 'defective in substance' may be said to be opposed to or opposite to form or defective in form.' " *Barnes v. Prince* (1974), 41 Ohio App.2d 244, 245, 70 O.O.2d 454, 454–455, 325 N.E.2d 252, 253, quoting *Lehrer v. Cleveland Ry. Co.* (C.P.1918), 20 Ohio N.P. (N.S.) 481, 493, 28 Ohio Dec. 243, 255.

Appellant's assignment of error argues that the jury's verdict of awarding zero damages was contrary to law, and that the damage award exhibited "substantive defects or internal [in]consistencies." App. Brief at 4.

■ If appellant herein believed that the jury's verdict was substantively defective, the proper procedure was for her to request the trial judge to poll the jurors. Civ.R. 48. However, appellant herein failed to make such a request. In the absence of such a request, we must assume appellant did not believe the verdict to be substantively defective.

■ Moreover, appellant could have, at the very least, made an objection to an alleged defect in the jury verdict prior to the discharging of the jury, but failed to do so. In the absence of a party's timely objection to an alleged error, such error is deemed waived. *Sapp v. Stoney Ridge Truck Tire* (1993), 86 Ohio App.3d 85, 98, 619 N.E.2d 1172, 1180.

Finally, as in *Muckus, supra,* we find the jury's verdict herein to be consistent, definite, and in accordance with R.C. 2315.18.[1] At least one other appellate court,

---

1. Current R.C. 2315.18 states:

"Except as otherwise provided in this section, when by the verdict in a civil action tried to a jury any party in the action is entitled to recover money from an adverse party, *the jury shall determine the amount of the recovery in its verdict.* [Emphasis added.]"

with virtually identical facts, has ruled similarly in finding that it is not impossible or inconceivable for a jury to find for a plaintiff but not to award any damages. See *Wulftange Iron Works, Inc. v. Setzler* (Dec. 26, 1979), Butler App. Nos. CA77–01–0001 and CA77–01–0002, unreported.[2]

For the reasons stated herein, appellant's assignment of error is overruled, and the judgment of the Marion County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.

---

2. Two other cases, wherein a complaining party received "zero" or "none" damages, differ in their facts and, thus, the issues raised therein, and for that reason, are distinguishable from the matter herein. See *Barnes v. Prince, supra* (trial court can properly question jury if verdict is defective in form to ascertain the jury's true intent prior to correction of the verdict), and *Wilms v. Lo–Mar Enterprises, Inc.* (Apr. 11, 1985), Columbiana App. No. 83–C–39, unreported, 1985 WL 10417 (verdict was believed defective in form by trial judge and he *sua sponte* told the jurors how to fill in the verdict form without first ascertaining their intentions).