OPINION
Appellant, Diana L. Harbourt, appeals a judgment of the Court of Common Pleas of Defiance County, granting a motion for a new trial brought by Appellee, Carrie B. Pleasant. For the reasons that follow, we affirm the judgment of the trial court.
On July 16, 1998, the parties were involved in an automobile collision in Defiance, Ohio at the intersection of East Second Street and Jefferson Street, which is controlled by a traffic light. The record demonstrates that the parties were traveling on East Second Street, approaching the intersection of East Second Street and Jefferson Street from opposite directions. Thereafter, Appellant entered the intersection to turn left onto Jefferson Street. The collision occurred while Appellant was attempting the left turn in the path of Appellee's oncoming vehicle.
Subsequently, on August 21, 1998, Appellee filed a complaint, which included a negligence claim and loss of consortium claims by her husband, Howard, and her son, Demetrius. Appellee sought compensation for property damage to her vehicle, medical and hospital expenses and pain and suffering.
On September 27, 1999, these matters came on for trial to a jury. At trial, the parties disputed, among others, the color of the traffic light at the intersection when the vehicles collided. Appellee demonstrated that she sustained a total of $14,254.50 in medical expenses and out-of-pocket expenses for property damage.
On September 28, 1999, the jury returned a verdict for Appellee and against Appellant in the amount of $15,191.52. The verdict resulted in a net award of $937.02 for all other damages, including pain and suffering. The jury further found that Appellee was thirty-five percent comparatively negligent, thereby reducing her amount of recovery to $9,874.49. However, the jury returned a verdict for Appellant on Appellee's loss of consortium claims. A judgment entry was filed on October 25, 1999.
Thereafter, on November 9, 1999, Appellee moved the trial court for judgment notwithstanding the verdict or, in the alternative, for a new trial. In her motion, Appellee argued that the jury's award of damages was inadequate and against the manifest weight of the evidence, that there was a lack of evidence to support the jury's finding of comparative negligence and that the interrogatory and general verdict forms completed by the jurors were inconsistent in several respects.
In a judgment entry dated April 6, 2000, the trial court denied Appellee's motion for judgment notwithstanding the verdict, but granted her motion for a new trial. The trial court reasoned that the cumulative effect of the issues raised by Appellee resulted in a verdict that does not provide substantial justice to the parties.
Appellant timely appeals the judgment of the trial court, assigning one error for our review.
 The trial court abused its discretion and committed reversible error prejudicial to the Defendant-Appellant and in favor of Plaintiffs-Appellees when the trial court granted the Plaintiffs-Appellees' motion for a new trial upon a finding that the cumulative effect of the inadequacy of the jury award, the lack of evidence to support the jury's finding of comparative negligence on the part of the Plaintiff, and inconsistency as to the jurors' signatures on the special interrogatories submitted did not provide substantial justice to the parties.
 The grounds for granting new trials are set forth in Civ.R. 59, which states in relevant part:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
* * *
 When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted.
* * *
 The Supreme Court of Ohio set forth the standard of review of a judgment granting a motion for a new trial, stating:
 Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.
* * *
 [I]n ruling on a motion for a new trial upon the basis of a claim that the judgment "is not sustained by sufficient evidence," the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence.
 Rohde v. Farmer (1970), 23 Ohio St.2d 82, at paragraphs one and three of the syllabus. See, also, Osler v. City of Lorain (1986), 28 Ohio St.3d 345, 351; McKiernan v. Home Savings of America (1994), 93 Ohio App.3d 13. An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Additionally, this court has held:
 The purpose of a civil trial is to fully compensate the injured party for his losses. When the trial has resulted in an award to the injured party so inadequate as to deny him the justice that he deserves, the trial court should grant a new trial * * *
 Miller v. Irvin (1988), 49 Ohio App.3d 96, at paragraph two of the syllabus.
"In deciding whether to grant a new trial the judge has often been referred to as the thirteenth juror." Bland v. Graves (1993),85 Ohio App.3d 644, 651.
 While this does not mean that the judge may substitute his own judgment for that of the trier of fact, it does require the judge to "view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result."
 Id., quoting 6A Moore, Federal Practice (1992) 59-150, Paragraph 59.08[5]; see, also, Rohde, supra, at 92. In doing so, "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Season's Coal Company, Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77, 80.
In addressing Appellee's motion, the trial court found that although each issue raised by Appellee above has some merit, by themselves they are insufficient to warrant a new trial. However, the court reasoned that the cumulative effect of each issue resulted in a verdict that does not provide substantial justice to the parties. After reviewing the record herein, we find that the evidence does not show that the trial court abused its discretion in granting Appellee's motion for a new trial.
The record demonstrates that since the accident Appellee has suffered from severe, nagging pain in her left leg, hips and lower back, for which she has received substantial physical therapy and chiropractic treatment. She has also taken both prescription and non-prescription pain medication and anti-inflammatory medication. Appellee claims that as a result of the accident, her sleep has been affected, as well as her ability to engage in activities with her children. Additionally, there is testimony in the record from Appellee's treating physicians, Dr. Lorenz and Dr. Kachmann, demonstrating that Appellee's injuries are permanent and that she will have future pain and will also require future physical therapy or chiropractic treatment.
Based on Appellee's testimony and the uncontroverted testimony of her treating physicians, we cannot say that the trial court arbitrarily, unreasonably or unconscionably determined that the issue regarding the inadequacy of the damages award was one of the cumulative factors resulting in a verdict that was against the manifest weight of the evidence and, thus, a substantial injustice to the parties.
Additionally, there is not sufficient evidence to support the jury's finding of comparative negligence. Appellant argues that her testimony at trial demonstrates that she entered the intersection while the traffic light was yellow. Appellant also notes that the parties' stipulated to both the timing and sequence of the traffic light. Although Appellee testified at trial that the traffic light was green when she entered the intersection, Appellant argues that due to apparent conflicts between Appellee's deposition and trial testimony, the jury was free to infer that Appellee entered the intersection while the traffic light was yellow.
Although Appellee may have entered the intersection while the traffic light was yellow, there is no evidence in the record demonstrating that Appellee entered the intersection while the traffic light was red. As such, it is unclear from the record why the jury found Appellee comparatively negligent. Even if the traffic light was yellow when Appellee entered the intersection, Appellee nonetheless would have had the right of way. See, Steadley v. Montanya (1981), 67 Ohio St.2d 297, 300;City of Hubbard v. Luchansky (1995), 102 Ohio App.3d 410, 415. There is simply nothing in the record to indicate that Appellee lost her right to proceed uninterruptedly through the intersection.
Appellant also argues that the jury could reasonably conclude from the evidence presented that Appellee was comparatively negligent because she had ample notice and opportunity to prevent or minimize the accident and damages. This argument appears to suggest that Appellee had the `last clear chance' to avoid the accident. Regarding the `last clear chance' doctrine, the Eighth District Court of Appeals held:
 Negligence which was characterized as "last clear chance" under the common law is merged into the doctrine of negligence, and has no separate existence since the enactment of the comparative negligence statute, R.C. 2315.19. The intent of the Ohio General Assembly of the enactment of this statute apparently was to impose liability upon the party whose negligence was greater, rather than the party whose negligence was last in time.
 Mitchell v. Ross (1984), 14 Ohio App.3d 75, at paragraph one of the syllabus. See, also, Higgins v. Bennett (2000), Clinton App. No. CA99-08-022, unreported; Shoemaker v. Norfolk Western Ry. Co.
(1990), Ross App. No. 1580, unreported.
Again, based on the lack of evidence in the record, we cannot say that the trial court arbitrarily, unreasonably or unconscionably determined that the issue of comparative negligence was one of the cumulative factors resulting in a verdict that was a substantial injustice to the parties.
The remaining issue concerns the inconsistency between the special interrogatory and general verdict forms. The record reflects that six jurors originally signed interrogatory number three finding Appellee comparatively negligent. However, those were not the same six jurors who signed interrogatory number four finding that it was a proximate cause of the collision. The trial court also noted that several of the interrogatories were presented to the jurors without signature lines. Thus, the court held that this violated the same-juror rule as set forth in O'Connell v. Chesapeake (1991), 58 Ohio St.3d 226. The problem was further compounded by the fact that several jurors, who were not qualified to answer certain interrogatories, signed the general verdict form corresponding with those interrogatory answers.
After discovering the errors, the trial court gave the jury an instruction on the same-juror rule and returned the forms to the jurors for their deliberation so that they could reconcile the interrogatory and general verdict forms. After the jury returned, the court discovered that seven jurors, as opposed to six previously, signed interrogatory number three and those same seven jurors also signed interrogatory number four. Thereafter, the trial court judge questioned several jurors to determine whether their signatures correctly reflected their intent, to which they responded in the affirmative.
After reviewing the record, we are of the opinion that the trial court properly corrected any and all inconsistencies in the interrogatory and general verdict forms. As such, we find that this issue was not one of the cumulative factors resulting in a verdict that was a substantial injustice to the parties. However, this in no way effects our decision above with respect to the issues regarding the inadequacy of the damages award and the jury's finding of comparative negligence.
Therefore, because the trial court's decision was not arbitrary, unreasonable or unconscionable, the trial court did not abuse its discretion in this matter.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we hereby affirm the judgment of the trial court.
BRYANT and SHAW, JJ., concur.