Day, J.
 

 In a suit to recover damages for personal injuries sustained in an automobile collision, a verdict for plaintiff in the sum of $2700 was returned, signed by ten members of the jury. Defendant filed a motion for new trial, the principal ground of which was' misconduct of the jury in returning a quotient verdict. In support of this motion defendant filed with the clerk of courts, and submitted to the trial court, the affidavits of eight jurors, and affidavits of two of counsel assisting in the defense, to the effect that after retiring tothe jury room and selecting a foreman, the jury voted on separate slips of paper whether to return a verdict for the plaintiff; that ten jurors voted “yes” and that two jurors' voted “no”; that each of the ten .jurors wrote on a slip of paper the amount to be given to the plaintiff; that these amounts were added together and then divided by ten, and that the resulting quotient was
 
 *318
 
 accepted as the final amount of the verdict which each of the ten concurring jurors signed.
 

 The affidavit of the foreman of the jury states, among other things, that the ten jurors who signed the verdict agreed “to abide by and be bound by said result.” Another affidavit states that the ten jurors agreed that the resulting quotient would be the final amount of the verdict which each of the ten jurors would sign. The quotient was $2700, which was the amount of the verdict returned.
 

 After the jury was discharged, two of the defense counsel and the foreman of the jury went into the jury room and took from the wastebasket ten slips of paper, on each of which a figure was written. One slip contained the figure $5000, four slips contained the figure $3000, two slips contained the figure $2500, two slips contained the figure $2000, and one slip contained the figure $1000. They picked up from the table in the jury room a paper on which the above figures were added, showing a total of $27,000, and then divided by ten,, showing the result of $2700. They also found, on the table in the jury room, ten slips of paper on which the word “yes” was written and two slips of paper on which the word “no” was written. These slips of paper were attached as' exhibits to the affidavit of one of the defense counsel.
 

 The trial court overruled the motion for new trial, holding that the affidavits were not admissible in the absence of evidence
 
 aliunde;
 
 that the papers retrieved from the jury room were “as consistent with a proper determination of the case by the jury as an improper one” and therefore did “not furnish the
 
 aliunde
 
 evidence necessary to successfully impeach the jury’s' determination.”
 

 The Court of Appeals reversed the judgment of the trial court and held that “the production and identification of the ballots used by the jurors, indicating a
 
 *319
 
 quotient verdict, opened the door for the consideration of the affidavits of the jurors as to what occurred in the jury room, including the agreement of the jurors to abide by the result; that the affidavits should have been considered by- the trial court and that they, together with the slips identified, required the court to sustain the motion for new trial.”
 

 The question for decision is whether ballots and papers, containing figures and computations of jurors, retrieved from the jury room by defendant’s counsel after the jury had returned its verdict, constitute evidence
 
 aliunde
 
 sufficient to form the basis for the admission of affidavits of jurors to impeach their own verdict.
 

 The general rule in many jurisdictions in the United States is that the affidavits of jurors will not be admitted to impeach their own verdict. This rule, it has been said, is based on considerations' of public policy, which, if not adhered to, would open a novel and alarming source of litigation, and it would be difficult to say when a suit is terminated; that it would open the door to tamper with jurymen; that it might be the means in the hands of a dissatisfied juror to destroy a verdict at any time after he had assented to it; and that it would render jury trial but a vexatious ceremony.
 

 The general rule in Ohio is that affidavits' of jurors will not be received to impeach their own verdict unless foundation for their introduction is first laid by competent evidence
 
 almnde, i.
 
 e., by evidence from some other source.
 
 Schwindt
 
 v.
 
 Graeff,
 
 109 Ohio St., 404, 142 N. E., 736;
 
 Kent
 
 v.
 
 State,
 
 42 Ohio St., 426;
 
 Emmert
 
 v.
 
 State,
 
 127 Ohio St., 235, 187 N. E., 862, 90 A. L. R., 242.
 

 The ballots and slips of paper retrieved from the
 
 *320
 
 jury room were offered as evidence
 
 aliunde.
 
 These, however, merely show that the quotient result and the
 
 amount of
 
 the verdict are the same, but do not show the existence of a prior agreement on the part of the acquiescing jurors' to be bound by the quotient result. The vitiating element in a “quotient verdict” is not in the acceptance of the quotient figure as the amount of the verdict, but rather in the prior agreement to be bound by such figure, regardless of what it may be. If, after the amount has been ascertained by striking an average, the respective jurors deliberately assent to and accept the amount so obtained as, in their opinion, being a just and fair verdict, and so return it, it will not be legally objectionable. 39 Ohio Jurisprudence, 1104, Section 375.
 

 Proof of a prior agreement to be bound by the quotient result cannot be furnished by affidavits or testimony of the jurors themselves, but must be by evidence
 
 aliunde.
 
 When such evidence is introduced it forms the basis for the introduction of the affidavits and testimony of jurors. However, the ballots and slips' of paper retrieved from the jury room do not furnish evidence
 
 aliunde
 
 of misconduct. These, as the trial court well said, are as consistent with a proper as with an improper determination of the case by the jury. Misconduct of a jury will not be presumed, but must be affirmatively proved. The law will presume proper conduct on their part. Clear and positive evidence
 
 aliunde
 
 is necessary to overcome this presumption. The retrieved ballots and slips of paper do not furnish such evidence. The affidavits of the jurors were therefore properly excluded.
 

 We hold, therefore, that ballots and papers, containing figures and computations of jurors, retrieved from the jury room, do not constitute evidence
 
 aliunde
 
 
 *321
 
 sufficient to form the basis for the admission of affidavits of jurors to impeach their own verdict.
 

 Judgment of Court of Appeals reversed and that of Court of Common Pleas affirmed.
 

 Wbygandt, C. J., Matthias, Williams, Myers and Gorman, JJ., concur.
 

 Zimmerman, J., not participating.