Peck, J.
One of the four assignments of error of the defendant complains of misconduct of the jury, but in oral argument to this court its counsel admitted that the record is negative on this point, and that there is therefore here no proper evidence for our consideration in this connection. The proffered affidavit by a nonconcurring juror is identical to that found insufficient to impeach the verdict in Lund v. Kline, 133 Ohio St., 317, 13 N. E. (2d), 575.
The second assignment of error is that the verdict and judgment are not sustained by any evidence, but defendant’s argument orally and in the brief in this regard complains only of a lack of evidence as to plaintiff’s injury. Beyond all question, such evidence as there is as to injury .possesses fragility as it appears on the printed pages of the record, but appear it does, and we cannot therefore hold as a matter of law that the claim of injury is without evidentiary support. A third assignment is that the verdict was excessive.. Considering this and the preceding assignment, Judge Collier, speaking for the Court of Appeals, observed, ” As we view this record, the plaintiff has established a very weak case, both as to liability and amount of damages.” After commenting further on the temporary nature of plaintiff’s injuries and the small amount of special damages, the Court of Appeals affirmed the judgment on condition that plaintiff accept a remittitur amounting to one half of the verdict and original judgment, and this remittitur was accepted by plaintiff. It therefore becomes unnecessary to consider whether the verdict was excessive.
The remaining assignment of error is as follows:
“The court should have entered judgment in favor of defendant-appellant and against the appellee, since the plaintiffappellee was guilty of contributory negligence as a matter of law, which contributory negligence continued up until the very end.” (Emphasis supplied; no motion for judgment was presented to the trial court.)
*151 The question of the existence, of negligence on the part of the defendant creates no problem because, as is pointed out in the defendant’s brief, “in its answer, the defendant admits that its agent and employee drove into and upon the vehicle of the plaintiff.” Similarly, there is no question that the plaintiff was guilty of contributory negligence, because the court charged the jury that, in violating the ordinance by double parking the truck, “he would be guilty of negligence, per se, or negligence as a matter of law.” The court then went on to properly charge that'if the jury found that plaintiff’s negligence in parking the truck in violation of the ordinance “was the proximate cause of this accident, then the plaintiff would not be entitled to recover. ’ ’ In view of this charge, it will be recognized that the jury by its verdict found that plaintiff’s negligence was not the proximate cause of the occurrence. This is in accordance with the rule summarized as follows in 6 Ohio Jurisprudence (2d), 532, Section 284: “Manifestly the contributory negligence of a plaintiff, to bar a recovery, must contribute as a proximate cause of his own injury. The negligence of the plaintiff may be concurrent with the negligence of the-defendant and not be, strictly speaking, a proximate cause of injury.”
We have pointed out that the jury by its verdict established that the plaintiff’s contributory negligence was not proved to have been the proximate cause of the accident, and it will be further observed that the court’s charge.also included the following :
“In order for the plaintiff to recover in this case, he must prove by a preponderance of the evidence one or more of the allegations of negligence contained in his petition and must also prove that such acts of negligence, if any, were the proximate cause of the accident and resulting injury. If plaintiff has not proved these things, then he has failed and your verdict must be for the defendant and your duties will be at an end.” (Emphasis supplied.)
In view of this charge, it will be seen that the jury affirmatively found that plaintiff’s injuries were proximately caused by the negligence of the defendant’s servant.
*152 It follows from the foregoing that the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Zimmerman, Matthias and Bell, JJ., concur.
Weygandt, C. J., Taft and Herbert, JJ., dissent.