BERKEY et al., Appellants,

v.

SENN, Appellee.

[Cite as *Berkey v. Senn* (1989), 65 Ohio App.3d 288.]

Court of Appeals of Ohio,
Huron County.

No. H-88-42.

Decided Nov. 17, 1989.

*Dan J. Cavanaugh,* for appellants.

*Paul G. Lux,* for appellee.

ABOOD, Judge.

This is an appeal from a decision of the Huron County Court of Common Pleas denying the motion of plaintiffs-appellants, Susan I. Berkey and Mark A. Berkey, for a new trial. Appellants have appealed, setting forth one assignment of error:

"The trial Court erred by denying the appellant's [*sic*] motion for a new trial on the basis of the Court's finding that the verdict of the jury was not an improper quotient verdict."

The facts giving rise to the appeal are as follows. On the evening of November 30, 1984, appellant, Susan I. Berkey, was walking through the parking lot at K–Mart in Norwalk, Ohio, when she was struck by an automobile owned and operated by appellee. As a result of the impact from the car, appellant was thrown to the pavement and injured. On November 24, 1986, appellants filed a complaint for negligence against appellee and, on January 16, 1987, appellee filed her answer setting forth the defense of comparative negligence. Discovery was conducted and, prior to trial, the parties stipulated as to the amount of damages suffered by appellee. On August 11, 1988, the case proceeded to trial by jury on the sole issue of the degree of negligence attributable to each party. On August 12, 1988, the case was submitted to the jury for deliberation and, on that same day, the jury returned the verdict finding appellant Susan Berkey sixty-two percent negligent and appellee thirty-eight percent negligent. On August 30, 1988, the trial court entered its judgment in favor of appellee incorporating the jury verdict. After the jury was dismissed several papers found in the jury room were turned over to the trial judge. Based upon these papers, on September 12, 1988, appellants filed a motion for new trial on the grounds of irregularity in the jury proceedings and/or misconduct of the jury. On October 6, 1988, appellee filed her memorandum in opposition to appellants' motion for new trial. A hearing was held on appellants' motion on October 28, 1988, and in its judgment entry dated November 22, 1988, the trial court denied appellants' motion for new trial. It is from this decision that appellants have filed their appeal.

In support of their sole assignment of error appellants argue that a new trial should have been granted on the basis of juror misconduct because the facts clearly show that the method employed by the jury in determining the relative percentages of comparative negligence of each party resulted in a quotient verdict which is improper and must be set aside. Attached to appellants' motion for a new trial was the affidavit of George E. Murray, a juror, wherein he attested that the jurors agreed to write down on individual slips of paper the percentages of negligence each attributed to the parties and then take the average of these percentages as the final verdict. Also attached to appellants' motion was the affidavit of co-counsel for appellant, Mark C. Cavanaugh, wherein he stated that slips of paper taken from the jury room had numbers written on them by individual jurors designating the percentage of negligence each juror attributed to the parties herein. Cavanaugh testified that on one piece of paper these individual percentages were totalled and then divided by eight to reach an average, which average was equal to the

percentage of negligence attributed to the plaintiff by the jurors and their verdict.

Appellee argues that the jury verdict cannot be upset on the basis of the slips of paper found in the jury room and the affidavits of a juror and counsel. Rather, appellee submits that the law requires evidence *aliunde*, or corroborating testimony from sources other than the jury room, and the evidence submitted by appellants does not constitute such evidence, citing *Lund v. Cline* (1938), 133 Ohio St. 317, 10 O.O. 411, 13 N.E.2d 575. Appellee argues, therefore, that the trial court did not abuse its discretion in denying appellants' motion for a new trial.

Civ.R. 59(A) provides in relevant part:

"(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

"(1) Irregularity in the proceedings of the court, jury, referee, or prevailing party * * *;

"(2) Misconduct of the jury or prevailing party[.]"

The granting or refusing of a motion for a new trial rests largely within the sound discretion of the trial court and that court's ruling on such motion shall not be disturbed by an appellate court absent a showing that the trial court abused its discretion. *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855; *Yungwirth v. McAvoy* (1972), 32 Ohio St.2d 285, 61 O.O.2d 504, 291 N.E.2d 739. The term "abuse of discretion" encompasses more than just an error of law or judgment, but requires that the trial court's action or attitude was unreasonable, arbitrary or unconscionable. *Steiner, supra.*

The trial court, in denying appellants' motion for new trial, found:

"Although the court, from personal observation, agrees that the slips retrieved from the jury room clearly evidenced that an arithmetic computation was made in arriving at the verdict, the court finds that there is no evidence *aliunde* to support a motion to set the verdict aside."

Evid.R. 606(B) sets forth provisions concerning inquiry into the validity of a jury verdict:

"(B) Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. *A juror may testify on the*

*question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented.* However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes." (Emphasis added.)

The Staff Note to Evid.R. 606(B) provides:

" * * * The rule conforms to Ohio's *aliunde* rule. *State v. Adams* (1943), 141 OS 423, 25 OO 570, 48 NE2d 861. The *aliunde* rule requires the introduction of evidence from a competent source other than a juror to impeach a jury verdict. A juror can then testify, but the outside source must first be established."

In *Lund, supra,* the Supreme Court of Ohio applied the *aliunde* rule to a case which involved a jury verdict of damages in a personal injury suit. In *Lund,* the defendant filed a motion for a new trial based upon jury misconduct in returning a quotient verdict. Offered in support of this motion were the affidavits of eight jurors and two counsel assisting in the defense, plus slips of paper taken from the jury room containing numerical computations. The affidavits indicated that each juror noted on an individual slip of paper the amount of damages attributed to the plaintiff. These amounts were then added together and divided by the number of jurors and the resulting amount was accepted as the final verdict as previously agreed by the jurors. The trial court denied the motion for a new trial finding the affidavits inadmissible in the absence of evidence *aliunde* in that the slips of paper taken from the jury room were as consistent with a proper determination of the case as they were with an improper determination and, therefore, did not furnish the *aliunde* evidence necessary to impeach the jury's determination. *Id.,* 133 Ohio St. at 318, 10 O.O. at 412, 13 N.E.2d at 576. The court of appeals reversed the judgment of the trial court finding that production of the slips of paper opened the door for consideration of the affidavits. *Id.* at 318–319, 10 O.O. at 412–413, 13 N.E.2d at 576–577. The Supreme Court of Ohio reversed the judgment of the court of appeals and affirmed that of the trial court finding that the ballots and slips of paper offered as evidence *aliunde* showed only that the quotient result and the amount of the verdict were the same but did not show evidence of a prior agreement among the jurors to be bound by the quotient result. *Id.* at 319–320, 10 O.O. at 413–414, 13 N.E.2d at 577–578. The court found that the vitiating element in a quotient verdict is not

acceptance of the quotient figure but, rather, is the prior agreement to be bound by the figure regardless of what the result is. *Id.* The *Lund* court went on to hold that proof of such previous agreement cannot be furnished by affidavit or testimony of the jurors themselves but must be by evidence *aliunde* and the ballots and slips of paper did not constitute evidence *aliunde* of misconduct sufficient to form a basis for written admission of the affidavits of the jurors to impeach their own verdict.

We find the principles set forth above to be applicable to the facts of this case and, therefore, conclude that the trial court did not abuse its discretion in denying appellants' motion for a new trial. Accordingly, appellants' sole assignment of error is found not well taken.

On consideration whereof, we find that substantial justice has been done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. It is ordered that appellants pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and CONNORS, J., concur.