STATEMENT OF THE CASE
On January 28, 1996, plaintiff-appellant Benny R. Davis damaged his leased 1996 Honda Accord in an accident near Portsmouth, Ohio. Appellant was hospitalized as a result of injuries sustained in the accident. Mr. Davis' wife had the Honda towed to Bennett's Collision Repair Center [hereinafter Bennett's], in Minford, Ohio. Bennett's is a sole proprietorship operated by the defendant-appellee John Gampp.
The appellant Davis was insured by State Farm Mutual Automobile Insurance Company [hereinafter State Farm]. the other appellant in this matter. Shortly after the accident, a claims adjuster for State Farm examined the Honda at Bennett's and determined that the vehicle was a total loss. State Farm decided to sell the automobile for salvage. They contracted with New England Recovery to pick up the automobile from Bennett's and transport it to auction.
New England Recovery called Bennett's on February 8, 1996, to arrange to pick up the vehicle. Bennett's advised New England Recovery that it would not release the vehicle until State Farm paid a storage fee of $550. On February 12, 1996, State Farm's attorney wrote to Bennett's demanding the release of the Honda and offered to pay $10 per day storage (or $110 for the eleven days from January 29, 1996, to February 8, 1996). New England Recovery called Bennett's again on February 21, 1996, and was advised that the vehicle would not be released unless a $500 storage fee was paid.
Appellant Davis sued appellee John Gampp and his son Mark Gampp in Portsmouth Municipal Court for conversion, seeking recovery of the automobile or, in the alternative, judgment against the Gampps for the pair market value of the automobile. Appellant Davis' February 27, 1996, complaint also sought damages for loss of the use of the vehicle, attorney fees, punitive damages of $5,000, fees and costs. Appellee and his son filed an answer and counterclaim on March 22, 1996, claiming an artisan's lien for the reasonable storage fees plus towing costs of $20. Appellee sought to recover $20 per day storage charges on the Davis vehicle, accumulating daily until the date the charges were paid in full. Appellee's answer contained a jury demand. Trial was set for August 19, 1996.
In July, appellee John Gampp asked leave to amend his answer and counterclaim to indicate that Mark Gampp was not an owner of Bennett's. Appellee John Gampp also sought to advance a different legal theory, that of implied contract, to support his counterclaim. The court granted the appellee leave to file, and he filed his amended counterclaim August 29, 1996, Appellee John Gampp, in this amended counterclaim, demanded towing charges of $40, inside storage expenses of $20 per day from January 29, 1996, to February 18, 1996, and outside storage expenses of $10 per day thereafter, until the accumulated storage charges were paid in full.
On August 1, 1996, appellant requested leave to amend the complaint to add State Farm, the title owner of the Honda, as co-plaintiff and requested that the trial be continued. On August 2, 1996, the trial court allowed State Farm to be added as a party-plaintiff, and on August 21, 1996, continued the trial to October 4, 1996.
On August 21, 1996, State Farm replied to the appellee's counterclaim. Appellants admitted the existence of an implied contract from January 28, 1996, to February 8, 1996, for the storage of the Honda but denied the balance of appellee's claim. Appellants specifically disputed the daily rate claimed by the appellee for storage. Appellants also moved for summary judgment on the issue of the artisan's lien claimed by the appellee. Appellee then dismissed the artisan's lien claim, electing to proceed on his other legal theory of an implied contract for storage of the automobile.
Appellants did not file their amended complaint until October 4, 1996, the day of the trial.
Trial was held October 4, 1996, before an eight-member jury. At the close of trial, the judge instructed the jury that the appellants' claim for return of the automobile was moot, since the vehicle was returned prior to the trial.
The court determined, as a matter of law, that the appellee had no legal right to retain the automobile after February 8, 1996. February 8, 1996, was the date on which the appellee refused to release the automobile to the appellants, after demand for such return was made by Appellant State Farm, through its agent, New England Recovery. Accordingly, the trial court instructed the jury that when the appellee refused to release the automobile on February 8, 1996, he detained the automobile without legal right to do so.
The trial court directed the jury to consider four questions:
 (1) the amount of compensatory damages the plaintiffs are entitled to recover for the loss of their automobile from the time the defendants failed to return it until the defendants voluntarily returned it;
 (2) whether the plaintiffs are entitled to the recovery of reasonable attorney fees expended in recovering possession of the converted automobile;
 (3) whether the plaintiffs are entitled to recover punitive damages because of the actions of the defendants and, if so, the amount of those punitive damages; and
 (4) whether the defendants are entitled to be paid storage fees for the period of time that the automobile was in their possession.
As to instruction number four, the judge specifically directed the jury to consider that an implied contract existed for the payment of these storage fees only for the period of January 29, 1996, until February 8, 1996. (Transciipt, pp. 178 to 181.)
The jury found against the appellants on their claims and found for the appellee on his counterclaim for $1,170 for storage costs. The trial court entered judgment for the appellee on October 18, 1996. Appellants moved for a judgment notwithstanding the verdict and for a new trial. The trial court denied these motions on November 25, 1996.
 OPINION
Appellants submit two assignments of error for our review:
 I. THE JUDGMENT OF THE TRIAL COURT AS BASED UPON THE JURY'S VERDICT IS CONTRARY TO LAW IN THAT THE JURY FAILED TO FOLLOW THE EXPRESS INSTRUCTION OF THE COURT.
 II. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE PLAINTIFFS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OF [sic] IN THE ALTERNATIVE FOR A NEW TRIAL.
Initially, we note that we dismissed the original appeal of this matter for lack of a final appealable order. See Davis v.Gampp (Nov. 4, 1997), Scioto App. No. 96CA2477, unreported. The trial court filed an amended journal entry on May 28, 1998, to correct these omissions, and the instant appeal is from that amended entry. In that amended entry, the court entered judgment for the appellee against State Farm alone and found that Mark Gampp was not a party to the action, since he did not join in his father's counterclaim.
In the court below, the appellants brought an action for conversion of a wrecked 1996 Honda Accord vehicle by the appellee, seeking the return of the automobile, damages for the loss of the use of their property, attorney fees, and punitive damages. Conversion in Ohio is defined as any wrongful or unauthorized act of control, or exercise of dominion, over the personal property of another, which deprives the owner of possession of his property. See Railroad Co. v. O'Donnell (1892),49 Ohio St. 489, 497, 32 N.E. 476, 478-479; Saydell v. Gepetto'sPizza Ribs Franchise System, Inc. (1994), 100 Ohio App.3d 111,652 N.E.2d 218; Fulks v. Fulks (1953), 95 Ohio App. 515,121 N.E.2d 180.
The question of whether attorney fees should be awarded is one for the jury, but the question of the amount of the attorney fees is to be determined by the trial court. See Digital AnalogDesign Corp. v. North Supply Co. (1992), 63 Ohio St.3d 657,590 N.E.2d 737. However, unlike tort actions, an award of punitive damages is not a prerequisite to the award of attorney fees in a conversion action. In a conversion case, money expended for attorney fees is an item of special damages. See Fulks, supra,
and Bench Billboard Co. v. Columbus (1989), 63 Ohio App.3d 421,579 N.E.2d 240.
 I
Appellants contend in their First Assignment of Error that the judgment entered by the trial court is contrary to law because the jury failed to follow the instructions of the trial court. The jurors were instructed by the trial court that conversion had taken place and that they were to determine the damages due appellants as the result of that conversion. Instead, argue the appellants, the jury found no conversion and returned a verdict in favor of the appellee.
Appellee argues that if the jury instructions were incorrect, the appellants waived any error by failing to object to those instructions. Our review of the jury instructions reveals neither error nor ambiguity in these instructions on the part of the trial court.
The trial court properly provided the jury with several verdict forms. On the verdict form in question, the jury returned a finding in favor of the defendants and against the plaintiffs on the complaint for conversion. It is not clear from the record whether the jury misunderstood the court's instructions and found that there was no conversion, or simply found that the appellants suffered no damages from the appellee's conversion of the appellants' automobile.
State Farm claimed that their direct loss from the wrongful possession of the automobile amounted to the loss of interest that they would have received had they been able to sell the Honda for salvage at an earlier date. The witness for State Farm testified the actual loss in interest amounted to $86.43. Hence, it would not be unreasonable to conclude that the jury found, in accordance with the trial court's instructions, that the amount of actual damages suffered by the appellants was zero.
A verdict may be defective in form or in substance. See Loweryv. Rizer (Nov. 12. 1996), Hocking App. No. 96CA11, unreported. A verdict may be defective in form if the language used does not correctly express the real intention of the jury. The jury may also correct the verdict if the correction does not affect the issues raised by the pleadings or presented by the evidence.Barnes v. Prince (1974), 41 Ohio App.2d 244, 245, 325 N.E.2d 252,253, quoting Lehrer v. Cleveland Ry. Co. (C.P. 1918), 20 Ohio N.P. (N.S.) 481, 493. If the appellants believed the verdict to be defective in form, they should have raised the issue to the trial court before that court discharged the jury. The record does not indicate the appellants raised this issue with the trial court, thereby rendering any such error waived. See McKiernan v.Home Savings of America (1994), 93 Ohio App.3d 13,637 N.E.2d 384, and Lowery, supra.
The other verdict returned by the jury was in favor of the appellee on his claim for storage fees. The jury awarded damages of $1,170. We find this verdict to be unsupported by the evidence adduced at trial and directly contrary to the instructions of the trial court to the jury on this claim. (Transcript, pp. 178 to 181.)
The appellants do not dispute that the parties created an implied contract for the storage of the automobile from January 29, 1996, to February 8, 1996, a period of eleven days. The trial court specifically instructed the jury that any damage award on appellee's counterclaim, based on a finding of an implied contract, must be limited to this eleven-day period, since the appellee improperly retained the vehicle after February 8, 1996. The appellee, in his amended counterclaim, sought recovery of storage fees during this period at the rate of $20 per day. Further, Mark Gampp, who serves as manager of the business for his father, testified that their rate for inside storage was $20 per day. For eleven days, the total claim would then be $220.
Hence, we must conclude that the jury either misunderstood, or deliberately disregarded, the court's instruction to limit any award of storage fees to the eleven-day period between January 29, 1996, and February 8, 1996. However, the trial court was without power to remedy this error. The court could not point out the error and direct the jury to deliberate further in accordance with the instructions given. Once the jury entered a verdict determining the rights of the parties, that verdict prohibited the court from instructing the jury to deliberate the matter further. See Elio v. Akron Transp. Co. (1947), 147 Ohio St. 363,71 N.E.2d 707; Sutliff v. Gilbert (1838), 8 Ohio St. 405, 409-410. See, also, DeBoer v. Toledo Soccer Partners (1989), 65 Ohio App.3d 251, 583 N.E.2d 1004.
The verdict in favor of the appellee for storage charges is defective in substance rather than form. The judgment, based on this verdict, is contrary to law. Accordingly, we sustain appellants' First Assignment of Error.
 II
In their Second Assignment of Error, appellants argue the verdict is contrary to law and against the weight of the evidence. Therefore, the trial court should have granted their motion for a new trial or for judgment notwithstanding the verdict. The propriety of granting a judgment notwithstanding the verdict is a question of law, although it is necessary for a court to review and consider the evidence. See O'Day v. Webb
(1972), 29 Ohio St.2d 215, 219, 280 N.E.2d 896, 899. Hence, our review of the judgment of the trial court is de novo.
The standard for granting a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial pursuant to Civ.R. 50(B) is precisely the same as that required for the granting of a motion for a directed verdict pursuant to Civ.R. 50(A). Texler v. D.O. Summers Cleaners Shirt Laundry Co.
(1998), 81 Ohio St.3d 677, 679, 693 N.E.2d 271, 273. Civil Rule 50(A)(4) states:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
The granting or denial of a motion for a new trial or judgment notwithstanding the verdict rests largely within the sound discretion of the trial court. We should not disturb the decision of the trial court absent a showing that the trial court abused its discretion. Berkey v. Senn (1989), 65 Ohio App.3d 288,583 N.E.2d 1027.
Our test, then, is whether the evidence adduced at trial, and the facts established by admissions in the pleadings and in the record, when construed most strongly in favor of the appellee, supports the jury's verdict. If we find this is not the case, the issue then becomes whether the trial court abused its discretion in refusing to grant appellants' motion for a new trial or judgment notwithstanding the verdict. See Gladon v. GreaterCleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312,318-319, 662 N.E.2d 287, 294; Posin v. A.B.C. Motor Court Hotel,Inc. (1976), 45 Ohio St.2d 271, 275, 344 N.E.2d 334, 338.
We have concluded that neither the evidence nor the pleadings support the jury's award of $1,170 to the appellees. Based both on the pleadings and on the testimony of Mark Gampp at trial, we conclude the appellees' claim for storage could not have exceeded $220 for the eleven-day period allowed by the trial court. The verdict, therefore, is excessive, and the trial court abused its discretion in refusing to grant appellants' motion for a new trial.
Accordingly, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with the views expressed in this opinion.
REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for further proceedings consistent with our opinion and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, P.J.: Concur in Judgment Only.
For the Court
David T. Evans, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.