DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, David Bausch, has appealed from an order of the Wayne County Court of Common Pleas denying his motion for a new trial. We affirm.
On November 27, 1997, Appellant filed a complaint against Appellees, Kirk George and Mulberry Equipment Co., alleging personal injury and property damage arising out of an automobile accident. Following a jury trial, the jury found that the negligence of Appellee, Kirk George, was the proximate cause of Appellant's injuries and awarded Appellant $2,500.00 for medical expenses and lost wages. The jury did not award any damages for pain and suffering. On December 16, 1998, Appellant moved the trial court for a new trial under Civ.R. 59(A)(6). The trial court denied Appellant's motion finding that based upon the evidence adduced at trial the jury could have found that Appellant's pain and suffering was attributable to a pre-existing condition and not to the accident. The trial court noted that it was unable to substitute its judgment for that of the trier of fact as to the cause of Appellant's pain and suffering. Appellant timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court committed reversible error in overruling [Appellant's] motion for a new trial.
Appellant has argued that the trial court abused its discretion by denying his motion for a new trial under Civ. R. 59(A)(6). We disagree.
Pursuant to Civ.R. 59(A)(6), a new trial may be granted when "the judgment is not sustained by the weight of the evidence[.]" It is within the trial court's sound discretion whether to grant a motion for a new trial based on Civ.R. 59(A)(6). Pena v.Northeast Ohio Emergency Affiliates (1995), 108 Ohio App.3d 96,103. A trial court's denial of a motion for a new trial will not be reversed absent a showing of an abuse of discretion. Weidnerv. Blazic (1994), 98 Ohio App.3d 321, 334. An abuse of discretion is more than just an error of law or judgment, but requires that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Michelson v. Kravitz (1995), 103 Ohio App.3d 301,304, citing Berkey v. Senn (1989) 65 Ohio App.3d 288, 291.
Upon review of Appellant's assignment of error, it is clear that review of this argument hinges upon an evaluation of the evidence presented at trial. As the appellant, Mr. Bausch had the responsibility of providing this court with a record of the facts, testimony, and evidence in support of his assignments of error.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. Although the record indicates that the jury found that Appellees' negligence caused Appellant's injuries, Appellant has neither provided a transcript of the proceedings in the trial court nor an appropriate substitute pursuant to App.R. 9.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. In light of the lack of a transcript, this court must presume that the manifest weight of the evidence supports the damage award. As we can not find that the award was against the manifest weight of the evidence, Appellant's motion for a new trial was properly denied.
Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
CARR, J. and WHITMORE, J. CONCUR