OPINION
Defendant-appellant, Alfred Curtis, appeals from the decision of the Jefferson County Court of Common Pleas finding him guilty of assault after a jury trial and sentencing him to six months in jail and a $1,000 fine.
When the facts of this case began, appellant resided at 222 Fourth Street in Yorkville, Ohio. His half-sister, Cindy Kourim (Mrs. Kourim), and her family resided next door to appellant at 218 Fourth Street. Apparently, several years ago, appellant and the Kourims were involved in a dispute regarding a four-foot easement onto appellant's property. Disagreements between the two households have been ongoing since then.
On September 30, 2000, Mrs. Kourim and her family decorated their residence for Halloween. The next day appellant went onto the easement area and knocked over a scarecrow decoration that was on Mrs. Kourim's property. Mrs. Kourim went outside to return the scarecrow to its upright position. While Mrs. Kourim was fixing the scarecrow, appellant allegedly ran toward her, struck her with a rake handle, and slammed her up against the side of her house. Mrs. Kourim's son, Jeffrey, observed the entire incident. Mrs. Kourim sustained some minor injuries and was treated and released from the East Ohio Regional Hospital.
The Jefferson County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(2). Appellant pled not guilty. The trial court found that appellant was not indigent; however, appellant chose not to retain counsel and proceeded to a jury trial pro se.
On May 25, 2001, at the conclusion of a two-day trial, the jury returned a guilty verdict on the lesser included offense of assault, a violation of R.C. 2903.13. The same day, the court entered judgment on the verdict and sentenced appellant to six months in jail and a $1,000 fine plus costs. Appellant filed a timely notice of appeal on June 12, 2001. On June 19, 2001, appellant filed a motion for release pending appeal. The trial court held a hearing and sustained appellant's motion for an appeal bond. Appellant posted the $15,000 bond.
Appellant filed his brief pro se. We should note that appellant's brief fails to comply with App.R. 16. Appellant's brief neither states his alleged assignments of error nor does it give a statement of the issues presented for review. Furthermore, appellant has attached documents to his brief for our consideration from other cases that he has been involved in that were not before the trial court nor included in the record. This court is limited to reviewing what transpired in the trial court as reflected by the record made of the proceedings below. State v. Ishmail
(1978), 54 Ohio St.2d 402, 405-6. Pro se litigants must be held to the same rules and procedures as those litigants who retain counsel. Jancukv. Jancuk (Nov. 24, 1997), 7th Dist. No. 94-CA-221. Nevertheless, in the interests of justice, we will endeavor to review appellant's arguments. Appellant seems to allege two major assignments of error, prosecutorial misconduct and abuse of discretion by the trial court in several evidentiary decisions in addition to other miscellaneous errors.
As to the prosecutorial misconduct, the standard of review is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1991),51 Ohio St.3d 160, 165, certiorari denied 498 U.S. 1017.
Appellant alleges several instances of prosecutorial misconduct. First, he argues that the prosecutor should not have asked the court for a "no contact" order barring appellant from contact with Mrs. Kourim because the court, in effect, barred him from gathering evidence for this case. While the court did make no contact with the Kourim family a condition of appellant's bond, the record suggests that it did so to protect appellant as well as Mrs. Kourim since the incident in this case is part of an on-going feud between appellant and his half-sister. This court order in no way suggests prosecutorial misconduct.
Second, appellant argues that the prosecutor failed to provide him with requested discovery material. However, appellant has not brought to this court's attention any discovery that the prosecutor improperly refused to give him. Appellant requested that the prosecutor provide him with Mrs. Kourim's statement, police reports, a transcript of the Grand Jury testimony, and a transcript of the preliminary hearing. Crim.R. 16(B)(2) provides that reports, memoranda, or other internal documents made by the prosecuting attorney or his agents in connection with the investigation or prosecution of the case, or of statements made by witnesses or prospective witnesses to state agents are not subject to discovery. According to the rule, the prosecution does not have to produce any statements made by prospective state witnesses except as provided in subsection (B)(1)(g). Subsection (B)(1)(g) only requires the prosecution to provide witness statements for in camera inspection after direct examination of the witness at trial. Thus, Mrs. Kourim's witness statement was not discoverable before trial.
Furthermore, as to the police report, the Ohio Supreme Court has stated:
 "[T]hose portions of a testifying police officer's signed report concerning his observations and recollection of the events are `statements' within the meaning of Crim.R. 16(B)(1)(g). Those portions which recite matters beyond the witness' personal observations, such as notes regarding another witness' statement or the officer's investigative decisions, interpretations and interpolations, are privileged and excluded from discovery under Crim.R. 16(B)(2)." State v. Jenkins (1984), 15 Ohio St.3d 164, 225.
Since the police report is not contained in the record, we cannot determine if it contained a "statement" within the meaning of Crim.R. 16. Additionally, appellant has not demonstrated that he suffered any prejudice as a result of not having the police report.
As far as appellant not receiving a copy of the Grand Jury testimony, a transcript of Grand Jury testimony will only be provided "at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Crim.R. 6(E). Nothing on the record in this case indicates that grounds existed to dismiss the indictment due to matters occurring before the Grand Jury.
Regarding appellant's request for a transcript of his preliminary hearing, it appears that the court provided appellant with the proper procedure for obtaining the transcript. However, the record indicates that appellant did not want to pay to have the testimony transcribed. Nonetheless, at trial, the court ordered that a transcript of Mrs. Kourim's testimony at the preliminary hearing be prepared and given to appellant.
Finally, appellant alleges that he had to pay bail twice and that the prosecutor was somehow responsible for this. This argument is misleading. The transcript of appellant's arraignment shows that some confusion arose regarding appellant's bond. It appears that appellant had posted bond for another case but he believed he had posted it for this case. The confusion was cleared up and the judge set bond for appellant at $1,000.00.
Thus, appellant has failed to demonstrate any instances of prejudicial prosecutorial misconduct.
As to the trial court's alleged abuse of discretion, appellant points to numerous instances where he believes the trial court erred.
First, appellant contends that the court erred in not allowing him to explain to the jury why he was not represented by an attorney.
At appellant's arraignment, the court determined that appellant was not indigent based on his income, his army retirement, and the real estate he owns. However, appellant proceeded to trial pro se. Appellant wanted to bring to the jury's attention the reason he defended himself. The reason appellant stated that he defended himself was because he believed he had been "blackballed" by local attorneys since he filed charges against his last attorney, a local judge and the prosecutor's office. The trial court stated that appellant could not present this information to the jury because it was not relevant to the case. Evidence that is not relevant is not admissible. Evid.R. 402. Evidence is relevant if it helps to prove or disprove a fact at issue in the case. Evid.R. 401. Appellant's past problems with attorneys and judges was not relevant to the case at bar because it failed to prove or disprove a fact at issue in the case. Thus, the trial court did not err in refusing to allow appellant to relay this information to the jury.
Second, appellant asserts that the court erred not allowing him to tell the jury that plaintiff-appellee, the State of Ohio, had previously amended the date on his indictment. He seems to also argue that the court erred in not permitting one of his witnesses to read certain documents into evidence.
When appellee filed the indictment against appellant, it alleged that he committed the offense "on or about October 2, 2000." On May 22, 2001, appellee filed a motion to amend the date in the indictment to allege that appellant committed the offense "on or about October 1, 2000." The court granted appellee's motion on May 24, 2001 and amended the indictment. "The court may at any time before, during, or after a trial amend the indictment, * * *, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." Crim.R. 7(D); R.C. 2941.30. Thus, the trial court did not err in amending the date in appellant's indictment.
From the transcript, it seems that appellant attempted to introduce his indictment along with a complaint from another case and a response to discovery by asking his witness, Debra Marling, to read them to the jury. A witness may not testify about a matter unless a party introduces evidence sufficient to support a finding that the witness has personal knowledge of the matter. Evid.R. 602. Ms. Marling is appellant's sister and had no personal knowledge of these documents. Thus, the court did not err in refusing to allow Ms. Marling to read the documents to the jury.
Third, appellant argues that the court erred in not allowing his psychiatrist to testify.
The court gave the jury instructions on felonious assault, aggravated assault, and assault. When the court read the instruction for aggravated assault, it directed the jury that in order to find appellant guilty of aggravated assault it would have to find that appellant acted under provocation sufficient to bring on a sudden passion or fit of rage. Appellant alleges that since the court did not allow his psychiatrist to testify, the jury was not able to consider his mental state, which he claims was necessary for the jury to consider whether he was guilty of aggravated assault.
The jury convicted appellant of assault, which is a less serious offense than aggravated assault. Thus, his argument regarding the aggravated assault charge is moot.
Appellant makes two additional claims. He contends that certain parts of the dialogue at trial were omitted from the transcript. He also claims that witnesses spoke with jury members in the hallway during breaks in the trial.
This court already stated that it would review this case on the presumption allowed by law that the certified record is accurate. (Journal Entry of December 17, 2001). As to appellant's claim that witnesses were speaking with jurors, he has presented no evidence at all to support this allegation. "[M]isconduct of a juror will not be presumed, but must be affirmatively proved. The law presumes proper conduct on the part of the jury. Clear and positive evidence `aliunde' is necessary to overcome this presumption." State v. Sapp (Aug. 15, 1995) 10th Dist. No. 94APA10-1524, citing Lund v. Kline (1938), 133 Ohio St. 317, 320. Furthermore, appellant never brought this alleged juror misconduct to the attention of the trial court in the form of a motion for a new trial or otherwise.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., and DeGenaro, J., concur.