DECISION AND JUDGMENT ENTRY
This is an appeal from judgments of the Lucas County Court of Common Pleas that granted the parties a divorce, ordered appellant to pay child support and spousal support, and denied appellant's motion for a new trial. For the reasons that follow, this court affirms the judgments of the trial court.
Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ITS COMPUTATION OF CHILD SUPPORT AND
 SPOUSAL SUPPORT FOR REASON THAT ITS FINDING OF APPELLANT'S GROSS ANNUAL INCOME OF $170,000 FAILING TO IMPUTE INCOME TO APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN ITS COMPUTATION OF CHILD SUPPORT FOR REASON THAT FINDINGS OF APPELLANT'S GROSS ANNUAL INCOME OF $170,000 AND FAILING TO IMPUTE INCOME TO APPELLEE.
"THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANT'S MOTION FOR NEW TRIAL."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1981, after having lived together for seven years. They had one child before the marriage and three children thereafter. On November 22, 1995, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim for divorce on December 21, 1995. In December 1995, appellant moved out of the marital home with the parties' minor son, Joseph. Appellee remained in the marital residence with the parties' two minor daughters, Margaret and Nicole. Pursuant to stipulation of the parties, appellee was designated residential parent and legal custodian of Margaret and Nicole. On June 3, 1996, the parties in open court resolved all issues regarding their motions for temporary orders. By judgment entry filed July 29, 1996, appellant was ordered to pay monthly child support of $1,680.70 for the two minor daughters and monthly spousal support of $735.58. The case proceeded to trial on June 25, 1997. The parties stipulated to the allocation of parental rights and responsibilities but were unable to reach agreement on the following issues, which were submitted to the court for determination: the division of marital assets; the allocation of marital debt; the determination of appellant's income for purposes of calculating child support; appellee's entitlement, if any, to an award of spousal support as well as the amount and duration thereof, and appellee's entitlement to an award of attorney's fees.
On October 10, 1997, appellee filed a motion to show cause in which she asserted that appellant had failed to comply with the trial court's orders as to child support and spousal support. On October 15, 1997, appellant filed a motion to modify the trial court's July 29, 1996 temporary orders as to child support and spousal support, in which he claimed that a substantial change of circumstances existed because the two businesses that provided the total income of the parties had generated a net loss for 1996 and 1997 to date. The trial court held hearings on both motions. In a decision filed on April 17, 1998, the trial court found that appellant had not paid child support or spousal support during 1998 as of February 16, 1998, and as of that date was in arrears on both child and spousal support in the amount of $4,777.65. The trial court denied appellant's motion, found him in contempt of court for failure to comply with the court's prior order, and granted appellee a lump sum judgment in the amount of $4,777.65. On May 11, 1998, the trial court filed a judgment entry in which it found that appellant had satisfied in full the lump sum judgment and ordered the judgment dissolved. On June 15, 1998, appellant filed another motion to modify, which he then voluntarily dismissed on October 8, 1998.
On August 7, 1998, the trial court filed its decision in which it divided the marital property, determined appellant's income, and calculated spousal support. The trial court found that the reasonable value of the property awarded to appellant totaled $721,590. The trial court further found that the reasonable value of the marital property awarded to appellee totaled $22,500. In order to equalize the division of marital assets, the trial court found that appellant should pay appellee the sum of $349,545 and further found that the sum should be reduced by the total of certain unauthorized takings by appellee from Meadowbrook Plaza, Inc., a business owned jointly by the parties. The net amount due appellee from appellant was therefore reduced to $338,845.
The trial court determined appellant's income for purposes of calculating child support to be $170,000 annually and found that appellee had no income at that time. As to appellant's income, the trial court based its determination on the following evidence offered at trial: for 1994, W-2 wages of $77,353 and total reported income of $174,533; for 1995, W-2 wages of $275,552, losses of $114,763 and a total income of $161,531; for 1996, a salary of $170,000 according to financial information appellant submitted to Key Bank in December 1996; and appellant's testimony that his income was $170,000 and that he expected it to remain at that level for the next five years.
As to the issue of spousal support, after reciting the statutory criteria for the making of such order, the trial court found that, while there was no reason appellee could not begin the process of securing employment, she should be awarded spousal support in the amount of $4,000 per month for six months beginning September 1, 1998, or until the sale of the marital residence, whichever occurs first; thereafter, $3,000 per month for twenty-four months and then $2,500 per month for an additional thirty months.
On November 20, 1998, the trial court filed its final judgment entry of divorce in which it granted the parties a divorce and set forth the terms of the division of marital property, spousal support, child support and attorney fees as stated in its August 8 decision, with the additional provision that the trial court retains jurisdiction to modify the award of spousal support as to amount only. As to child support, the trial court ordered appellant to pay $1,014.18 per month for each of the two children living with appellee.
On December 15, 1998, appellant filed a motion for a new trial pursuant to Civ.R. 59(A)(6), (7) and (8) in which he argued that the trial court's finding that appellant had an income of $170,000 per year was against the weight of the evidence and contrary to law. Appellant argued that he never testified that his income was $170,000 per year and that he "was clear in stating this was a projection only." Appellant further asserted that his income subsequent to trial was substantially below the $170,000 as found by the trial court and that such facts constitute newly discovered evidence entitling him to a new trial.
On March 2, 1999, the trial court denied appellant's motion, finding that its determination of income upon which spousal support and child support were calculated is supported by the evidence and not contrary to law. The trial court further found that, since it had retained jurisdiction to modify spousal support, appellant should present his financial information to the court in the form of a post-decree motion to modify, and not a motion for a new trial.
Appellant filed a timely notice of appeal from the final judgment entry of divorce and the trial court's denial of his motion for a new trial.
Appellant's first two assignments of error will be considered together, although the issues of spousal support and child support will be addressed separately. In his first assignment of error, appellant asserts that the trial court's finding, for purposes of computing child support and spousal support, that he had a gross annual income of $170,000 was against the manifest weight of the evidence. Appellant argues that when he testified that his income was $170,000 he clearly was offering that figure as a projection based on certain assumptions as to the future of his various businesses. In his second assignment of error, appellant asserts that the trial court's finding as to his income constituted an abuse of discretion.
R.C. 3501.18 (C)(1) sets forth the following fourteen factors which the trial court must consider before making a spousal support award:
 "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17(1)] of the Revised Code;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
It is well-established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120. Such an award will be not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64; Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore, 5 Ohio St.3d 217.
In making a spousal support award, a trial court must "consider all of the relevant factors in [R.C. 3105.18] * * * then weigh the need for support against the ability to pay." Layne v.Layne (1992), 83 Ohio App.3d 559, 562-563. The resulting award must be "fair, equitable and in accordance with the law." Kaechelev. Kaechele (1988), 35 Ohio St.3d 93, 94. An equitable result requires that "to the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors of [R.C. 3105.18]." Buckles v. Buckles
(1988), 46 Ohio App.3d 102, 110.
After a thorough review of the record in this case, we find that the trial court carefully considered each of the thirteen factors set forth in R.C. 3501.18(C)(1) in making the spousal support award. We further find that the trial court's determination as to appellant's income was not out of line with the evidence presented at trial. As noted above, appellant presented evidence at trial of a 1994 income of $174,533 and a 1995 income of $161,531. He presented W-2 forms for 1994 and 1995, but not for 1996. Appellant did present evidence of an income of $170,000 in the form of financial information he had submitted to Key Bank in December 1996. Appellant presented no evidence of his 1997 to-date income at the time of trial. Further, appellant testified that he expected his income to remain at the $170,000 level for the next five years. Appellant claims on appeal that his reference at trial to $170,000 was only in regard to a projection made for purposes of applying for a bank loan in 1996. Appellant testified as follows:
 "Q. Mr. Thees, with respect to your future earnings, child support, alimony, if the court believes the same to be appropriate, what are the earning prospects with respect to Meadowbrook and Event Makers?
"A. As it relates to me?
"Q. Yes.
 "A. I think on the financial statement, personal financial statement that was dated December 1st of `96, that I indicated an annual income of 170,000, and I think the figures that Your Honor just added would be close to that figure, and the figures I used in my performance for the bank as far as what my compensation would be through the year 2000 was 170,000, because those initial years, the company, unlike some of the other companies, is going to have to retain some of the earnings.
 "Q. When do you expect your earnings — your income to reach that figure:
"A. 170,000 or what figure?
"Q. 170,000.
 "A. I expect that my total enumeration for the next five years, meaning wages, salary, dividends, loans to officer, whatever, is going to be 170. And after that five-year point, after the new corporation and new building has retained earnings, then we'll take a look at it, but I used that 170 figure on my December 1st statement, and I've used it in the performance.
 "Q. Okay. And that 170 could well include loans to officer; it would not necessarily be salary.
 "A. Well, I'm doing the performance — taking a little bit different tactic, and I feel like the 170 is a figure for a salary. We're trying to start this new company with a much cleaner balance sheet and maintain that balance sheet in a more tidy fashion. So the 170 is going to be a salary, but I expect that, after the net cash flow, that my compensation for the next five years won't exceed the 170."
It is clear that the trial court, upon hearing the testimony and observing the witness, understood appellant to mean that he not only anticipated an income of $170,000 for each of the coming five years but also was earning that level of income at the present time. After carefully reviewing appellant's testimony at trial, as well as the other evidence, we find that appellant testified to a current income of $170,000. Accordingly, appellant's arguments as to spousal support are without merit.
We will next address appellant's arguments as they relate to the issue of child support. In reviewing matters concerning child support, the decision of the trial court should not be overturned absent an abuse of discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. As we previously stated, an abuse of discretion exists only where the court's action is unreasonable, arbitrary or unconscionable. Blakemore, supra. Having already found that the trial court did not err in its findings as to appellant's income, we therefore find that the order as to child support was not against the weight of the evidence or an abuse of discretion. Accordingly, appellant's arguments as to the child support order are without merit.
Upon consideration of the entire record of proceedings in the trial court and the law, this court finds that the trial court's finding as to appellant's income was not against the manifest weight of the evidence and did not constitute an abuse of discretion. Accordingly, appellant's first and second assignments of error are not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by denying his motion for a new trial because in the time between the trial and the filing of his motion, his income failed to reach the level upon which the trial court had based its decision granting child support and spousal support. Appellant argues that the trial court's denial of his motion was against the manifest weight of the evidence and an abuse of discretion, and that his drastically reduced earnings since the time of trial constituted newly discovered evidence.
The decision as to whether to grant a new trial pursuant to Civ.R. 59(A) rests in the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.Highland v. Liberty Christian Academy (1987), 34 Ohio App.3d 311,315.
In its judgment entry denying appellant's motion, the trial court carefully restated the evidence upon which it based its findings as to appellant's income and its orders as to child support and spousal support. The trial court further found that appellant should present evidence he has as to income in the form of a post-decree motion to modify.
On appeal, appellant focuses on a claimed drop in income that he says occurred between the time of trial in June 1997, and the time he filed his motion for a new trial in December 1998. As the trial court found, however, any actual reduction in appellant's income would constitute a change of circumstance as contemplated by R.C. 3113.215 and should be presented to the trial court through a motion to modify child support or spousal support.
Accordingly, this court finds that the trial court did not err by denying appellant's motion for a new trial and appellant's third assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgments of the Lucas County Court of Common Pleas, Domestic Relations Division, are affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J., JUDGE
 _______________________________ Melvin L. Resnick, J., JUDGE
 _______________________________ Richard W. Knepper, J., JUDGE
CONCUR.