OPINION
{¶ 1} Plaintiff/appellant/cross-appellee Andrea Kmetz, Administratrix of the Estate of Jay Kmetz, Deceased [hereinafter appellant], appeals from the June 26, 2002, Judgment Entry of the Richland County Court of Common Pleas which declared a new trial as to damages and awarded costs. Defendant/appellee/cross-appellant is MedCentral Health Systems, Inc. [hereinafter MedCentral].
 STATEMENT OF THE FACTS AND CASE {¶ 2} Decedent Jay Kmetz died on March 11, 1998, following surgery. Subsequently, on March 1, 1999, appellant filed a medical malpractice claim in the Richland County Court of Common Pleas against appellee MedCentral and defendant Albert Timperman, M.D. Separate claims were based upon the decedent Jay Kmetz's pain and suffering and his wrongful death. Prior to the date of trial, appellant was required to voluntarily dismiss the action without prejudice, due to a scheduling conflict with one of the experts.
 {¶ 3} On October 13, 2000, the instant action was refiled and a jury trial commenced on February 5, 2002. Midway through the trial proceedings, appellant voluntarily dismissed the claims against Dr. Timperman. On February 11, 2002, the jury returned a verdict in favor of appellant and against appellee MedCentral in the amount of $500,000.00. In their responses to interrogatories, the jury found that 1) MedCentral employees had been negligent, 2) MedCentral employees' negligence had proximately caused injury to the decedent, 3) decedent's death was not caused by suffocation from post-operative swelling, 4) the appropriate personal injury damages were $500,000.00 and 5) no wrongful death damages were owed. On February 12, 2002, the trial court issued a Judgment Entry memoralizing the verdict.
 {¶ 4} On February 1, 2002, appellant filed a motion seeking pre-judgment interest pursuant to R.C. 1343.03(C). Appellant based the motion for pre-judgment interest upon an allegation that MedCentral failed to negotiate a settlement in good faith. Simultaneously, appellant submitted a motion to tax costs, pursuant to Civ.R. 54(D) and 37(C). The same day, MedCentral served a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial and/or motion for remitter. In its motion, MedCentral argued that based upon the juror's response to the third interrogatory (decedent's death was not caused by suffocation from post-operative swelling), the jury could not logically have awarded personal injury damages to the decedent since they found the hospital was not liable for his death.
 {¶ 5} On February 28, 2002, the trial court issued a briefing Order on post-trial motions. In that Order, the trial court stated that it disagreed that the jury's answer to special interrogatory No. 3 was inconsistent with its verdict. The trial court found that the answers to the special interrogatories were consistent with the verdict for the plaintiff-appellant. The trial court reconciled the responses as follows:
 {¶ 6} "1. The jury found a hospital nurse or nurses were negligent in their care of plaintiff (decedent).
 {¶ 7} "2. The jury found that nurse negligence was a proximate cause of injury to plaintiff.
 {¶ 8} "3. The jury found that `suffocation from obstruction of his airway from post-operative swelling', was not among the injuries caused by plaintiff by the hospital nurses.
 {¶ 9} "4. The jury concluded the injury proximately caused to plaintiff by the hospital's nurses entitled his estate to pain and suffering damages for his personal injury prior to his death.
 {¶ 10} "5. The jury concluded plaintiff's failure to prove the nurses' negligence caused his death meant plaintiff's estate was entitled to no wrongful death damages." (Orig. Emphasis.)
 {¶ 11} The Judge concluded that, in sum, the jury's interrogatories reflected a finding that the nurses negligently injured Mr. Kmetz before he died, but did not cause his death. The jury awarded damages for pain and suffering before his death only.
 {¶ 12} In addition, the Order directed appellant to brief the issue of whether the verdict was excessive or influenced by passion or prejudice. In accordance therewith, appellant filed a brief on March 14, 2002.
 {¶ 13} On June 26, 2002, the trial court issued a decision on post-trial motions. The trial court again found that the jury's verdict was consistent with the interrogatories. However, the trial court determined that the award of $500,000.00 for the decedent's pain and suffering was excessive. In the trial court's view, the amount of the recovery alone was so great as to show passion or prejudice. Concluding that the liability determination against MedCentral was appropriate, the trial court ordered a new trial pursuant to Civ.R. 59(A)(4) and (6) on damages. With respect to the motion to tax costs, the trial court permitted appellant to recover certain expenses under Civ.R. 54(D) but did not appear to consider an additional award pursuant to Civ.R. 37(C). The trial court further found that appellant's motion for prejudgment interest was moot.
 {¶ 14} On July 23, 2002, appellant filed a timely Notice of Appeal.[1]
 {¶ 15} Upon appeal, appellant presents the following assignments of error:
 {¶ 16} "I. The Trial Judge Abused His Discretion By Granting A New Trial Upon Damages.
 {¶ 17} "II. The Trial Judge Erred As A Matter Of Law, By Refusing To Hold A Hearing And Proceeding To Rule Upon Plaintiff's Motion For Pre-judgment Interest.
 {¶ 18} "III. The Trial Judge Abused His Discretion By Refusing To Award Costs And Expenses As A Result Of Medcentral's Refusal To Admit Negligence Pursuant To Civ. R. 37(C)."
 I {¶ 19} In the first assignment of error, appellant contends that the trial court abused its discretion when it granted a new trial upon damages. We agree.
 {¶ 20} In this case, the jury awarded appellant $500,000.00 in personal injury damages. Upon motion by appellee MedCentral, the trial court ordered a new trial on damages, pursuant to Civ.R. 59(A)(4) and (6). Civil Rule 59(A) states as follows, in relevant part:
 {¶ 21} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: . . .
 {¶ 22} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
. . .
 {¶ 23} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case. . . ."
 {¶ 24} Generally, a trial court's decision in regard to a motion for new trial is reviewed under the abuse of discretion standard of review. Highfield v. Liberty Christian Academy (1987), 34 Ohio App.3d 311,518 N.E.2d 592, paragraph three of the syllabus; Thomas v. Vesper,
Ashland App. No. 02 COA 20, 2003-Ohio-1856, 2003 WL 1857137. In order to find an abuse of discretion, this Court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 25} While our standard of review is somewhat deferential to the trial court, we are also cognizant that there is a competing, underlying legal premise that must be kept in mind. "It is the function of the jury to assess the damages, and generally, it is not for a trial or appellate court to substitute its judgment for that of the trier-of fact." Betz v.Timken Mercy Med. Ctr. (1994), 96 Ohio App.3d 211, 218, 644 N.E.2d 1058. "It has long been held that the assessment of damages is so thoroughly within the province of the jury that a reviewing court is not at liberty to disturb the jury's assessment absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive."Moskovitz v. Mt. Sinai Medical Ctr. (1994), 69 Ohio St.3d 638,635 N.E.2d 331 at syllabus; Kolomichuk v. Grega (Sept. 20, 2001), Cuyahoga App. No. 78870. To support a finding of passion or prejudice, pursuant to Civ.R. 59(A)(4), "it must be demonstrated that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities." Kolomichuk, Id. (citing Jeanne v. HawkesHosp. of Mt. Carmel (1991), 74 Ohio App.3d 246, 257, 598 N.E.2d 1174). The mere size of an award, while relevant, is insufficient to establish the existence of passion or prejudice. Jeanne v. Hawkes Hosp. of Mt.Carmel, supra.
 {¶ 26} As this court previously stated in Betz, supra, this court must recognize the presumption in favor of sustaining a jury's verdict, while remaining cognizant of our standard of review. Thus, the issue becomes whether with the deference the trial court was required to give to the jury's verdict, did the trial court abuse its discretion in granting the motion for a new trial. With these two standards of review as a guide, we begin by looking at the jury's award.
 {¶ 27} The jury awarded $500,000.00 for "personal injury damages." Included in such an award are subjective matters such as pain and suffering and mental anguish. Damages awarded for pain and suffering cannot be accurately measured by amounts. Mansfield Ry. L. P. Co.v. Barr (1914), 2 Ohio App. 367. "The law has, accordingly, in this class of cases, committed the determination of the amount of damages to be awarded to the experience and good sense of jurors. And where the verdict rendered by them, may reasonably be presumed to have resulted from an honest and intelligent exercise of judgment upon their part, the policy of the courts is and necessarily must be, not to interfere with their conclusion." Id.
 {¶ 28} With that guidance in mind, we will look to the trial court's decision to grant a new trial for damages. The trial court made the following analysis:
 {¶ 29} "Defendant moved in the alternative for a new trial pursuant to Civ.R. 59(A)(6) (judgment not sustained by the weight of the evidence) and 59(A)(4) (excessive damages under influence of passion or prejudice). If the jury found that negligence of the hospital nurse(s) caused injury to Mr. Kmetz before he died, is the jury's verdict of $500,000 for that injury against the manifest weight of the evidence?
 {¶ 30} "The Ohio Supreme Court has explained the standard to apply in making the weight of the evidence determination under Civ.R. 59(A)(6): `In ruling on a motion for a new trial on the ground that the judgment is not sustained by sufficient evidence, the court must weigh evidence and pass upon the credibility of witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury, but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of evidence.'[2] Damage awards may be reversed under Civ.R. 59(A)(4) — excessive damages — when the amount is so large as to shock reasonable sensibilities. [citation omitted]
 {¶ 31} "Here the defendant argues that the following evidence makes the $500,000 award excessive: Plaintiff's expert, Dr. Latanae Parker, conceded that only the complaints made by Mr. Kmetz after 2:00 a.m. could with reasonable medical probability be related to the airway obstruction. From 2:30 a.m. (the time of Mr. Kmetz's respitory arrest) on, Jay Kmetz never regained consciousness until he was disconnected from life support machines and pronounced dead a few hours later. Mr. Kmetz's roommate, Floyd Miller, testified Mr. Kmetz was talking to him up to the time Mr. Kmetz lost consciousness. The award of $500,000 for 30 minutes of pain and suffering translates into compensation of one million dollars per hour for Mr. Kmetz's suffering.
 {¶ 32} "In response to the court's invitation to identify the evidence supporting the damage award. [sic] Plaintiff conceded the relatively short time period at issue. [citation omitted]
 {¶ 33} "What is certain is that the last conscious 35 minutes of the decedent's life were wrought with pain, anxiety, fear, and a realization that, despite the fact that he was pleading for help, no help was coming.
 {¶ 34} "The court concludes pursuant to Civ.R. 59(A)(6) that it appears from a comparison of the damage evidence to the size of the verdict that manifest injustice has been done and that the $500,000 verdict is against the manifest weight of the evidence. The court alternatively concludes pursuant to Civ.R. 59(A)(4) that the amount of damages is so excessive as to show passion or prejudice. The court is not prepared to say that plaintiff's statements about sending a message to MedCentral or about government estimates that a life was worth at least a million dollars — both objected to by the defendant and instructed on by the court — were the reason for that passion. Perhaps it was sympathy for the [sic] Jay Kmetz and his family. But a compensation rate of $1,000,000 per hour for his pain and suffering shocks reasonable sensibilities.
 {¶ 35} "While the jury's underlying liability determination is not contrary to the evidence, a new trial should be awarded on the amount of damages pursuant alternatively to Civ.R. 59(A)(4) and (6)." June 26, 2002, Decision on Post-Trial Motions, pg. 3-4. (Citations omitted.)
 {¶ 36} First, we note that the trial court does not mention the deference to be paid to an award by a jury. Further, this court has previously found that basing a decision on whether a jury's award is reasonable upon a review of the "hourly rate" awarded is questionable. Betz, supra. As stated by this court in Betz, supra, "[p]ain and suffering are personal and subjective by nature. Each individual's case presents unique facts for the jury's determination."
 {¶ 37} Further, we disagree that plaintiff-appellant conceded the relatively short time period at issue. The trial court correctly quotes appellant's Brief in Opposition to MedCentral's Motion for Judgment Notwithstanding the Verdict/Motion for New Trial/Motion for Remitter. However, we disagree that a statement that it is certain that the last conscious 35 minutes of decedent's life was wrought with pain, anxiety, fear and realization that he would receive no help concedes that decedent suffered during those 35 minutes only. We believe appellant's statement was made more as a statement that no one can contest what happened in those last 35 minutes. Whether and to what degree the decedent may have suffered prior to those last 35 minutes was hotly contested. In their Opposition Brief, appellant argues that the evidence showed the decedent was required to endure considerable suffering during his last few hours. In fact, the decedent's hospital roommate testified that decedent had been complaining all night and just kept getting worse.
 {¶ 38} Upon review, we find that the trial court invaded the province of the jury. There is no question that both the jury and the trial court believed that Jay Kmetz, the decedent, suffered personal injury damages, including pain and suffering. A review of the trial court's findings leads us to conclude that the trial court simply disagreed with the size of the verdict. We conclude that the trial court abused its discretion when it concluded that the jury's award was against the manifest weight of the evidence or excessive.
 {¶ 39} Accordingly, appellant's first assignment of error is sustained.
 II {¶ 40} In the second assignment of error, appellant contends that the trial court erred when it refused to hold a hearing and proceeded to rule on appellant's motion for pre-judgment interest. Specifically, the trial court ruled that the motion for pre-judgment interest was moot pursuant to its ordering of a new trial.
 {¶ 41} In light of our holding in the first assignment of error, we remand this matter to the trial court for consideration of appellant's motion for pre-judgment interest.
 {¶ 42} Appellant's second assignment of error is sustained.
 III {¶ 43} In the third assignment of error, appellant argues that the trial court abused its discretion when it refused to award costs and expenses as a result of MedCentral's refusal to admit negligence, pursuant to Civ.R. 37(C). We disagree.
 {¶ 44} Civil Rule 37(C) provides as follows:
 {¶ 45} "If a party, after being served with a request for admission under Rule 36,[3] fails to admit the genuineness of any documents or the truth of any matter as requested, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable under Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance, the order shall be made."
 {¶ 46} Appellant submits that it made the following request for admission: "75. MedCentral (Mansfield General Hospital) nurses/employees deviated from acceptable standards of care in the treatment and care of Jay Kmetz on March 11, 1998." MedCentral responded to the request for admission with a simple "deny." Appellant claims that as a result of appellee's denial of the admission, appellant incurred expenses totaling $8,178.90 in order to establish the hospital's clear liability at trial.
 {¶ 47} In this case, while the trial court ruled upon appellant's motion for expenses pursuant to Civ.R. 54(D), the trial court did not expressly rule upon appellant's motion made pursuant to Civ.R. 37(C). We will, therefore, proceed upon the presumption that the trial court implicitly denied appellant Civ.R. 37(C) motion. Gosden v. Louis (1996),116 Ohio App.3d 195, 222, 687 N.E.2d 481.
 {¶ 48} The determination of whether to award expenses and the amount thereof, pursuant to Civ.R. 37(C), necessarily involves a matter of discretion and, thus, is a matter lying within the sound discretion of the trial court. Whatever that court's determination, the party complaining must demonstrate that the trial court abused its discretion in order for a reviewing court to reach a different conclusion.
 {¶ 49} In the case sub judice, we find no abuse of discretion. First, we note that the request for admission is ambiguous as to whom was negligent. It refers to unnamed nurses and "employees" and does not specify when and in regard to what treatment or care was there a deviation from acceptable standards of care. Further, the issue of whether the care was within acceptable standards of care was sharply contested. Expert testimony was presented which criticized the nurses as well as expert testimony that evidenced that the nurses and other employees performed their duties competently and within the appropriate standard of care. Under such circumstances, we find that the trial court did not abuse its discretion when it implicitly denied appellant's Civ.R. 37(C) motion.
 {¶ 50} Appellant's third assignment of error is overruled.
 {¶ 51} The judgment of the Richland County Court of Common Pleas is affirmed, in part, and reversed, in part. The matter is remanded for further proceedings consistent with this opinion.
[1] On August 1, 2002, MedCentral served notice of cross-appeal. However, on February 28, 2003, MedCentral's cross appeal was dismissed upon MedCentral's motion to dismiss.
[2] The trial court is quoting from Rohde v. Farmer (1970),23 Ohio St.2d 82, 262 N.E.2d 685, at paragraph five of the syllabus.
[3] Civil Rule 36(A) states as follows:
"A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . . The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(C), deny the matter or set forth reasons why he cannot admit or deny it."